James McMullen, Appellant, *v.* Patrick Rafferty, Respondent.

One H. executed and delivered to plaintiff a non-negotiable note, made payable on demand; upon the back of which the defendant had written his name. In an action thereon *held,* that defendant did not, in a commercial sense, become an indorser, but could be treated by plaintiff either as maker or guarantor; and in either capacity the cause of action accrued against him immediately upon the execution of the note and without demand; that the statute of limitations then began to run in his favor, and as the action was commenced more than six years after date of note, it was barred by said statute.

Also, *held,* that payments of interest by H., although with the knowledge of defendant, did not prevent the running of the statute; to have that effect they must have been made by him, or for him, by his authorized agent.

(Argued June 14, 1882; decided June 30, 1882.)

Appeal from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made at the March term, 1881, which affirmed a judgment in favor of defendant, entered upon a verdict, and affirmed an order denying a motion for a new trial. (Reported below; 24 Hun, 363.)

The nature of the action and the material facts are stated in the opinion.

*Samuel Hand* for appellant. The statute of limitations did not begin to run until after the default in the payment of interest, which was July 1, 1878, or until after demand. (*Merritt* v. *Todd,* 23 N. Y. 28; *Payne* v. *Gardner,* 29 id. 146; *Nelson* v. *Bostwick,* 5 Hill, 37, 39, 42; *Douglass* v. *Rathbone,* id. 143; *Cromwell* v. *Hewitt,* 40 N. Y. 491; *Herrick* v. *Wolverton,* 41 id. 600, 601; *Hernandez* v. *Stilwell,* 7 Daly, 360; *Warwood* v. *Tresberville,* 6 Mod. 200.) The guaranty being that Hughes would pay, with interest, the presumption is that he would not be immediately called upon to pay, and for a "reasonable time," at least, there was no dishonor of the note, and no failure to pay by Hughes, according to its terms, which would make the defendant liable, or raise the presumption of dishonor, which would set the statute running as to

him. ( *Wethey* v. *Andrews*, 3 Hill, 582 ; *Barough* v. *White*, 4 B. & C. 325.) Assuming that the statute of limitations would otherwise have been a bar to the action, it was removed by the payments of interest which were made by Hughes, by and with the authority and assent of the defendant, every six months, down to the maturity of the notes. (*Schindel* v. *Yates*, 46 Md. 604 ; *Zent* v. *Hart* 8 Barr. [Penn.] 337 ; *Sigourney* v. *Drury*, 14 Pick. 387 ; *Gildersleeve* v. *Landon*, 73 N. Y. 609 ; *Mott* v. *Consumers' Ice Co.*, id. 543.) The payments of interest having been ratified by the defendant, he is bound to the same extent as if he had made them himself. (*First Nat. Bk. of Utica* v. *Ballou*, 49 N. Y. 155 ; *Winchell* v. *Hicks*, 18 id. 558; 563 ; *Haight* v. *Avery*, 16 Hun, 252.) It is immaterial when an act of ratification takes place. Whenever done, it relates back, and is equivalent to a prior authority. (*Hoyt* v. *Thompson's Exr.*, 19 N. Y. 207, 219 ; *Fleckner* v. *The U. S. Bk.*, 8 Wheat. 363 ; *Bird* v. *Brown*, 4 Exch. 798, 799.)

*Warren G. Brown* for respondent. The cause of action accrued against the defendant at the date of the notes, because one who writes his name on the back of a non-negotiable promissory note is to be treated as a maker and not an indorser, entitled to demand and notice. (*Cornwall* v. *Hewitt*, 40 N. Y. 461 ; *Richards* v. *Waring*, 1 Keyes, 576 ; *Gilbert* v. *Slocum*, 10 Barb. 402 ; *Seymour* v. *Van Slyck*, 8 Wend. 403 ; *Stone* v. *Seymour*, 15 id. 19.) The same result follows if defendant is to be regarded as a guarantor. (*Bartholomew* v. *Seaman*, 25 Hun, 619.) In the case of a note payable on demand, the statute of limitations runs from its date. (*Wenman* v. *Mohawk Ins. Co.*, 13 Wend. 267 ; *Hirst* v. *Brooks*, 50 Barb. 334 ; *DeLavallette* v. *Wendt*, 75 N. Y. 579, 583.) The rule is the same whether the note is made with interest or without interest. (*Wheeler* v. *Warner*, 47 N. Y. 519 ; *Howland* v. *Edmonds*, 24 id. 307.) The date of an instrument is presumed to be the time of its execution. (*Broeck* v. *Cole*, 4 Sandf. 79.) Even the indorsement of a note is presumed to be

cotemporaneous with its date. (*Pinkerton* v. *Bailey*, 8 Wend. 600; *Union Bk.* v. *Willis*, 8 Metc. [Mass.] 504; *Benthall* v. *Judkins*, 13 id. 265; *Draper* v. *Snow*, 20 N. Y. 331.) The payment of interest by Hughes, the principal debtor, does not take this case out of the statute of limitations as to defendant Rafferty, the surety. (*Hulbert* v. *Nichol*, 20 Hun, 445; *Smith* v. *Ryan*, 66 N. Y. 352, 356; *Shoemaker* v. *Benedict*, 1 Kern. 176; *Van Kueran* v. *Parmlee*, 2 Comst. 523; *Winchell* v. *Hicks*, 18 N. Y. 558; *Pickett* v. *Leonard*, 34 id. 175; *Harper* v. *Fairly*, 53 id. 442.)

EARL, J. This action was brought against the defendant as indorser of two promissory notes, precisely alike, written as follows:

"NEW YORK, 20*th February*, 1873.

On demand I promise to pay Mr. James McMullen twelve hundred dollars for value received with interest from January 1, 1873

$1200.00.                    W. J. HUGHES. "

The defendant's name was written upon the back of each note, without any other words over it. The action was commenced February 24, 1879, more than six years after the date of the notes, and the trial judge held that they were barred by the statute of limitations at that time, and on that ground directed a verdict for the defendant. That direction presents the only point for our consideration.

As these were non-negotiable notes, the defendant did not, in a commercial sense, become an indorser of them with the rights and liabilities of a simple indorser. But he can be held as a maker of the notes, or as a guarantor of their payment. (*Cromwell* v. *Hewitt*, 40 N. Y. 491.)

In the case of a note payable on demand the statute of limitations begins to run in favor of the maker from its date, and this is so whether the note be payable with or without interest. (*Wenman* v. *The Mohawk Insurance Co.*, 13 Wend. 267; *Howland* v. *Edmonds*, 24 N. Y. 307; *Wheeler* v. *Warner*, 47 id. 519; 7 Am. Rep. 478; *DeLavallette* v. *Wendt*, 75

N. Y. 579; 31 Am. Rep. 494; *Bartholomew* v. *Seaman,* 25 Hun, 619.) The word " demand " is not treated as part of the contract, but is used to show that the debt is due.

As the defendant could at all times be treated as the maker of these notes, and the plaintiff could, therefore, have sued him upon them at any time without any previous demand, the cause of action upon them must be held to have accrued against him at the date of the notes; and this is so although the plaintiff had the option also to treat him as a guarantor. The same result, however, will follow if the defendant be treated as guarantor of the notes. Then his obligation is co-extensive with that of the maker, and the cause of action accrued against him at the precise moment when it accrued against the maker. If he guaranteed payment of the notes, then he was bound to pay just as the maker was bound to pay, to-wit, without any demand. If he guaranteed performance by the maker of his contract, then it was a guaranty of the precise contract made by the maker and the demand was no part of that contract, and the same moment that the maker failed in law to perform his contract, a cause of action accrued against the defendant upon which he could be sued. So in any aspect of this case a cause of action upon these notes accrued against the defendant more than six years before the commencement of the action.

If the defendant had made it a part of his collateral contract of guaranty that the maker should pay the notes upon demand, then his obligation would not have matured until an actual demand of payment had been made upon the maker. (*Nelson* v. *Bostwick,* 5 Hill, 37.) But this is not such a case. Here the defendant guaranteed the maker's contract, and therefore came under precisely the same obligation of payment as rested upon the maker.

Hughes, the maker, paid the interest on these notes semi-annually down to January 1, 1878, and there was some evidence that he did it with the knowledge of the defendant, and hence the claim is that such payments prevent the running of the statute of limitations. But it is the settled law of this State that payments made by one joint contractor cannot save

from the statute of limitations a claim against another joint contractor, and that payments made by the principal debtor cannot save from the statute a claim against the surety ; and it makes no difference that the payments were made with the knowledge of the other party liable for the same debt. To make payments effective against a party to save a claim from the statute, they must have been made by him, or for him by his authorized agent. One joint contractor may make payments as agent for all the contractors, or the principal debtor may make payments for and in the name of his surety as his agent, or payments may thus be made in the name of all the joint contractors, or of the surety without previous authority, but be subsequently ratified, and in all such cases the running of the statute may be prevented. (*The First National Bank of Utica* v. *Ballou*, 49 N. Y. 155.) But in all cases to make the payments effective they must by previous authorization or subsequent ratification be the payments of the party sought to be affected by them.

The further claim is made that the defendant is bound by these payments because he alleged them in his answer, and that he thus ratified them. But the payments were not made in his name or for him, and he did not allege them in his answer as payments made by himself or for him, but as payments made upon the notes by Hughes, the principal debtor. He certainly could avail himself of such payments without losing the right to insist upon the bar of the statute.

The judgment should be affirmed, with costs.

All concur, except ANDREWS, Ch. J., who does not vote.

Judgment affirmed.