(56 Misc. Rep. 641.)

### KRAUS v. BLACK.

(Supreme Court, Appellate Term. December 12, 1907.)

**1. CHATTEL MORTGAGES—DEFAULT—EFFECT.**

Upon a breach of a chattel mortgagor's covenants, the title to the property vests in the mortgagee, subject only to the right of redemption, and the mortgagee may take the property into his possession at any time after default, without prior demand.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Chattel Mortgages, §§ 286–293.]

**2. SAME—WAIVER.**

Where a chattel mortgage provided that, on default in payment of any weekly installment, the whole debt should mature and the mortgagee might take possession of the property without prior demand, the mortgagee did not waive his right to foreclose without first demanding the property by accepting payments in amounts and at times other than those mentioned in the mortgage.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Chattel Mortgages, § 524.]

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Chattel mortgage foreclosure action by Edward V. Kraus against Mildred G. Black. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and BRUCE and GUY, JJ.

Robert Lyon, for appellant.

Henry Brill, for respondent.

GILDERSLEEVE, P. J. On November 20, 1905, the defendant gave a chattel mortgage to the plaintiff to secure the purchase price of certain property purchased by her of the plaintiff. The mortgage provided that, in case default was made in payment of any of the installments provided for in the mortgage, the whole sum then remaining unpaid should become due, and the mortgagee had the right to take possession of the property without demand. The amount secured by the mortgage was to be paid in weekly installments. The defendant defaulted in making her payment in June, 1906, and the plaintiff brought an action to foreclose his lien in October, 1906. Upon the trial substantially the foregoing facts were shown, but the court below rendered judgment in favor of the defendant.

It appeared from the testimony that, although the mortgage provided that the installments to be paid by the defendant were to be made on Monday of each week, the defendant actually paid such installments in different amounts and at different times than was provided

107 N.Y.S.—39

for by the mortgage, which payments were accepted by the plaintiff, and that the parties did not adhere strictly to the terms of the mortgage in that respect. The respondent seeks to uphold this judgment upon the theory that the plaintiff, by accepting the payments in amounts and at times other than those mentioned in the mortgage, waived his right to institute these proceedings without first making a demand on the defendant for a return of the property. This position cannot be maintained. The case (Toplitz v. Bauer, 161 N. Y. 325, 55 N. E. 1059) cited in support of such a proposition does not apply to the facts in this case. That case was one involving the rights of pledgor and pledgee, and there is a notable distinction between that case and one like the case at bar involving the rights of a mortgagee and mortgagor of chattels. Upon a breach of the covenants in a chattel mortgage the title of the property mortgaged · becomes that of the mortgagee, subject only to the right of redemption, and the mortgagee may take the property into his possession at any time after default without prior demand. There is nothing in the testimony showing that the plaintiff waived his right to institute these proceedings without first demanding the return of the property, and the judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.