Elbie G. Hoover, Respondent, *v.* Henry H. Hubbard, Appellant, Impleaded with Another.

**Statute of Limitations — payment by one of the joint and several makers of a promissory note does not affect the defense under the statute as to the others.**

1. A payment made by one of the joint and several makers of a promissory note either before or after an action upon it is barred by the Statute of Limitations, and within six years before suit brought, does not affect the defense of the statute as to the others.

2. The fact that a joint debtor, who pleaded the Statute of Limitations, also alleged as a defense the full satisfaction and discharge of the indebtedness upon a note does not operate as an admission precluding him from pleading the statute, where it does not appear by the pleading that such joint debtor satisfied and discharged the indebtedness or made any payments thereon within six years prior to the commencement of the action.

*Hoover* v. *Hubbard*, 134 App. Div. 909, reversed.

(Argued May 15, 1911; decided May 30, 1911.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 10, 1909 affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John Conboy* and *William D. Morrow* for appellant.- Payments upon a joint and several note by one of the makers, within six years prior to the commencement of the action, does not affect the defense of the Statute of Limitations as to the other maker who made no payments within that period. (*Shoemaker* v. *Benedict*, 11 N. Y. 176; *Murdock* v. *Waterman*, 145 N. Y. 53; *Brooklyn Bank* v. *Barnaby*, 197 N. Y. 219; *Harper* v. *Fairley*, 53 N. Y. 443.)

*Jerome B. Cooper* for respondent.   The Statute of Limitations had, by reason of the yearly payments of interest, no application to the case.   The evidence shows both defendants present at the time the payments and indorsements were made.   (*First Nat. Bank* v. *Ballou,* 49 N. Y. 155; *Winchell* v. *Hicks,* 18 N. Y. 588; *Murdock* v. *Waterman,* 145 N. Y. 55; *Northrup* v. *Garrett,* 17 Hun, 497; *Hecla Powder Co.* v. *Sigua Iron Co.,* 157 N. Y. 437; *Wagner* v. *Grimm,* 169 N. Y. 427; *Wicks* v. *Thompson,* 129 N. Y. 634; *McMullin* v. *Rafferty,* 24 Hun, 363; 89 N. Y. 461.)

CHASE, J.   On March 1, 1895, the defendants borrowed of Charles Genter six hundred dollars for which they gave to him a promissory note, of which the following is a copy:

"$600.00                    THERESA, *March* 1, 1895.

"For value received, we jointly and severally promise to pay Charles Genter, or bearer, six hundred dollars one year after date, at five per cent. interest.

                    "ELMER E. HUBBARD,
                    "HENRY H. HUBBARD."

The defendant Elmer E. Hubbard paid the interest on said note annually for eleven years.   He also paid thereon $300 on account of principal.   Prior to the commencement of this action the plaintiff became the owner and holder of said note and on April 28, 1908, this action was commenced thereon.   The appellant, Henry H. Hubbard, answered the complaint, in which he alleged: "*First.* That prior to the commencement of this action he fully satisfied and discharged any and all claims and indebtedness in said complaint set forth by payment in full.   *Second.* That the cause of action set forth in said complaint did not accrue nor did any part thereof accrue at any time within six years next preceding the commencement of this action."

It affirmatively appears that the appellant never made any payments upon said note. It is claimed by the respondent that some of the payments made by the defendant Elmer E. Hubbard were in the presence of the appellant.

It was held by this court in *McMullen* v. *Rafferty* (89 N. Y. 456) that: "It is the settled law of this state that payments made by one joint contractor cannot save from the Statute of Limitations a claim against another joint contractor, and that payments made by the principal debtor cannot save from the statute a claim against the surety; and it makes no difference that the payments were made with the knowledge of the other party liable for the same debt. To make payments effective against a party to save a claim from the statute, they must have been made by him, or for him by his authorized agent. One joint contractor may make payments as agent for all the contractors, or the principal debtor may make payments for and in the name of his surety as his agent, or payments may thus be made in the name of all the joint contractors, or of the surety without previous authority, but be subsequently ratified, and in all such cases the running of the statute may be prevented. (*First National Bank of Utica* v. *Ballou*, 49 N. Y. 155.) But in all cases to make the payments effective they must by previous authorization or subsequent ratification be the payments of the party sought to be affected by them." (p. 459.)

It does not appear that the appellant authorized the defendant, Elmer E., to make any payment upon such note.

Unless a payment by one of two joint and several debtors prevents the running of the Statute of Limitations as to all, there is no evidence on which to sustain the judgment as against the appellant. There has been a controversy in some jurisdictions as to the legal consequences of a payment made upon an indebtedness by one

of two or more joint debtors, so far as it affects the running of the Statute of Limitations against the debtors other than the person making the payment. In *Shoemaker* v. *Benedict* (11 N. Y. 176), referring to payments made by one of several· makers of a promissory note before the Statute of Limitations had barred an action thereon, it was said that "Before the decision of *Van Keuren* v. *Parmelee* (2 Comstock, 523), it would have been considered very well settled upon authority that such payments did operate to prevent the statute of limitations from attaching to the demand." (p. 181.) It was, however, by *Shoemaker* v. *Benedict* (*supra*) clearly settled in this state that a payment made by one of the joint and several makers of a promissory note either before or after an action upon it is barred by the Statute of Limitations and within six years before suit brought does not affect the defense of the statute as to the others.

There have been many cases in this court approving and confirming the authority of that case. Among the most recent of the reported decisions is *Brooklyn Bank* v. *Barnaby* (197 N. Y. 210), in the opinion in which case, at pages 219 and 220, the authority of *Shoemaker* v. *Benedict* (*supra*) is again referred to, approved and reasserted.

It is also claimed by the respondent that the appellant is precluded from claiming the Statute of Limitations as a bar to this action by reason of the first paragraph of his answer, in which he alleges the full satisfaction and discharge of the indebtedness.

The record shows that the appellant was mistaken in his allegation that the indebtedness was fully satisfied and discharged. If we accept the pleading as an admission, it does not appear thereby independently of the evidence received upon the trial or by the record as an entirety, that the appellant satisfied and discharged the indebtedness or made any payments thereon at a time

within six years prior to the commencement of the action.

The judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., GRAY, VANN, WILLARD BARTLETT, HISCOCK and COLLIN, JJ., concur.

Judgment reversed, etc.