(80 Misc. Rep. 527.)

#### BLOOMINGDALE et al. v. BRAUN.

(Supreme Court, Appellate Term, First Department.   May 8, 1913.)

1 SALES (§ 477*)—CONDITIONAL SALE—FORECLOSURE OF LIEN—WAIVER.
The right of a conditional seller of chattels to foreclose on the buyer's default is not waived by having accepted payments that were waivers of prior defaults.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1411–1417; Dec. Dig. § 477.*]

2. SALES (§ 479*)—CONDITIONAL SALE—DEFAULTS—NECESSITY OF DEMAND.
Where a conditional sale contract required all payments to be made at the cashier's office of the seller, or by registered mail, no demand was necessary before proceeding to foreclose a lien because.of payments in arrears.

[Ed. Note.—For other.cases, see Sales, Cent. Dig. §§ 1418–1432, 1434– 1438; Dec. Dig. § 479.*]

3. SALES (§ 477*)—EXTENSION OF TIME OF PAYMENT—CONSIDERATION.
A promise to extend the payment of installments due on a conditional' sale contract, on payment of a part of what the debtor was legally bound to pay, was without consideration and unenforceable.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1411–1417; Dec. Dig. § 477.*]

4. SALES (§ 479*)—CONDITIONAL SALE—FORECLOSURE OF LIEN—REDEMPTION.
Redemption of a chattel under a contract of conditional sale may be made at any time up to the sale in foreclosure proceedings.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1418–1432, 1434– 1438; Dec. Dig. § 479.*]

5. SALES (§ 477*)—CONDITIONAL SALE—DEFAULT—FORECLOSURE OF LIEN.
Receipt of a money order from a buyer, holding it for a time, and then, tendering it back on the trial of a suit to foreclose a seller's lien under a conditional contract of sale, was not a receipt of a part payment, but a. mere tender of part payment, which the seller was entitled to refuse or. tender back; the contract providing that all payments should be made: at the cashier's office of the seller, or by registered mail.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1411–1417; Dec. Dig. § 477.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Samuel J. Bloomingdale and others against Irma Braun.. From a judgment dismissing the complaint without prejudice to a new

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

action, and, as finally entered, ordering its marshal to return chattels seized to the defendant, etc., plaintiffs appeal. Reversed, and new trial ordered.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

C. Bertram Plante, of New York City, for appellants.

David Freiberger, of New York City, for respondent.

GUY, J. This is an action to foreclose a lien on a chattel. On February 25, 1908, the defendant purchased a piano under a contract of conditional sale for $260, on payment of $5 in cash and $1 each week thereafter. All payments must be made at cashier's office of Bloomingdale Bros. or at sender's risk by registered mail to Bloomingdale Bros. Default is alleged to have occurred on June 21, 1912, leaving a balance of $76 due. A demand for the balance of the account was made on October 11, 1912, part payment was promised by the defendant, but she failed to keep her promise.

Defendant testified that she told plaintiffs' representative that she could not pay weekly, but would pay as much as possible whenever she had the money; that he said "All right," and that she paid this way until the final default; that at one time she skipped payment for 18 weeks at a time, and then would send $5, $10, or $15 at a time; that she told him she would pay whenever she had the money; that she was very often in arrears. In rebuttal, plaintiffs' representative admitted being willing to take payments in bulk or monthly, as long as the account was kept up. At the time of the default on which the foreclosure was brought, respondent was 43 weeks in arrears. In November, 1912, plaintiffs received a $10 money order from defendant, which they kept, but did not collect.

[1] The right of a conditional vendor or mortgagee of chattels to foreclose upon the mortgagor's or vendee's default is not waived by his having accepted payments that were waivers of prior defaults. Kraus v. Black, 56 Misc. Rep. 641, 642, 107 N. Y. Supp. 609.

[2] As the contract of conditional sale required all payments to be made at the cashier's office of Bloomingdale Bros. or by registered mail, no demand was necessary. McMullen v. Rafferty, 89 N. Y. 456; 9 Am. & Eng. Ency. of Law (2d Ed.) 202, 203.

[3] If there was any promise to extend the payment of the installments due, upon payment of part of what the debtor was legally bound to pay, it was without consideration and unenforceable. Olmstead v. Latimer, 158 N. Y. 313, 319–321, 53 N. E. 5, 43 L. R. A. 685; Repelow v. Walsh, 98 App. Div. 320, 321, 90 N. Y. Supp. 651.

[4] The action was brought to recover the balance of the purchase price of the piano and foreclose plaintiffs' lien therefor, and not to enforce any forfeiture. At any time up to the sale, defendant may redeem. Tweedie v. Clark, 114 App. Div. 296, 300, 99 N. Y. Supp. 856.

The cases arising where tenders of the amount due were refused, or payment of the amount due was made through a sale by the vendor, and actions for conversion brought by the vendee, are not in point. As against enforcement of a forfeiture, a receipt of part payment by

a vendor may be a waiver of any forfeiture occurring up to that time, at least until some further payment was due, or a demand therefor was made and refused, especially if a demand of payment was required before the forfeiture could be enforced. Hutchings v. Munger, 41 N. Y. 155, 158; O'Rourke v. Hadcock, 114 N. Y. 541, 550, 22 N. E. 33; Cunningham v. Hedge, 12 App. Div. 212, 215, 42 N. Y. Supp. 549; French v. Row, 77 Hun, 380, 384–386, 28 N. Y. Supp. 849.

[5] The receipt, holding for a time, and then the tender back on the trial of a money order, is not the receipt of a part payment, but a mere tender of part payment, which plaintiffs had the right to refuse or to tender back on the trial. Defendant could have demanded it back, if it was not collected within a reasonable time. Moreover, all payments were required to be made at the vendor's cashier's office, or by registered mail.

Judgment reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.