MAXMILLIAN BLOOM, Plaintiff, *v.* RAINBOW LAUNDRY STORES, INC., and Others, Defendants.

City Court o New York, New York County, June 27, 1927.

*Horwitz, Rosston & Hart*, for the plaintiff.

*Shlivek & Brin*, for the defendant, Eleanor A. Gerling.

EVANS, J. The defendant Rainbow Laundry Stores, Inc., on December 12, 1924, made, executed and delivered to defendant Solomon Kalman twenty-five promissory notes, each for $100, payable successively on the twelfth day of each month beginning March 12, 1925. At the same time, as security for the payment of the notes, a chattel mortgage in the usual form was executed and delivered by Kalman to the laundry corporation. At the time of delivery of the notes and mortgage defendants Morris Lautt and Isidore Weinstein indorsed the notes. On the back of each of the notes appears: " This note is one of a series aggregating $2,500 and on default in payment hereof for fifteen days all of

said notes of a subsequent date shall immediately become due and payable." On January 6, 1925, Kalman indorsed the notes and delivered them to defendant Eleanor A. Gerling together with the chattel mortgage, duly assigned to her, and Eleanor A. Gerling on January 8, 1925, indorsed the notes and delivered them to plaintiff with defendant Arthur A. Gerling's indorsement thereon together with the chattel mortgage duly assigned. The March and April, 1925, notes were paid. The May, June, July, August and September, 1925, notes were not paid and were duly presented and protested, each as they came due, on the day fixed as the due day in the note. After the September, 1925, note was duly presented and protested plaintiff waited fifteen days, and on the sixteenth day, he presented the remaining notes for payment, and these not being paid were duly protested. Notice of protest to the indorser defendant was given separately upon the non-payment of the May, June, July, August and September notes and on the sixteenth day after the September note became due notice of protest was given to the indorser defendant of all remaining notes. If these notes were negotiable the notice of protest in September was too late. Such notice should have been given fifteen days after default of the first note in May for it was the May default continuing fifteen days that caused all subsequent notes to become due. Notice of protest as to all remaining notes should have been given on May 28, 1925. Plaintiff says he was not obliged to give notice of protest because of the acceleration clause, which made the due date uncertain, and therefore the notes were non-negotiable within the meaning of sections 20, 21 and 23 of the Negotiable Instruments Law. That contention loses sight of the fact that the notes themselves were payable on a specific date and, therefore, at a fixed and determinable future time. The only uncertainty as to date of payment could come about by reason of a default and the acceleration in payment of all notes subsequent to the default. That is not the kind of uncertainty in the time of payment that will destroy the negotiability of a promissory note. (*Higgins* v. *Hocking Valley R. R. Co.*, 188 App. Div. 684.) Of course, if these notes were non-negotiable, the indorser would be a guarantor of payment and would not require notice of protest. (*McMullen* v. *Rafferty*, 89 N. Y. 456.) I am unable to follow plaintiff's contention that even if these notes be negotiable he had the option of taking advantage or not of the acceleration clause upon default as he chose. Between him and the maker that may be so. But the indorsers' liability is predicated on a different theory and if the indorsers have no notice of dishonor as provided by sections 173–179 of the Negotiable Instruments Law, they are discharged from lia-

bility. The acceleration clause was an important part of the notes. It affected the due date of each one of the series and bore directly on the liability of the indorser. The plaintiff could not change the nature of the liability by the exercise of any option unless that option is expressed or may be fairly implied from the language of the instrument and I see nothing that remotely suggests any such option. Plaintiff would be entitled to judgment for the amount of the May note, only, except that the agreed statement of facts stipulates that the defendant is entitled to credit for the sum realized on the foreclosure of the chattel mortgage which exceeds the amount of the May note. Judgment must, therefore, be rendered in favor of defendant Eleanor A. Gerling. Submit judgment.