STATE BANK OF BINGHAMTON, Respondent, *v.* CHARLES J. MANGAN, Appellant.

Third Department, March 15, 1934.

*Frank J. Mangan*, for the appellant.

*A. Lawrence Abrams*, for the respondent.

HILL, P. J.   Plaintiff, a State banking corporation now insolvent and in liquidation, has recovered a judgment against defendant upon two demand notes of which defendant is maker.   Defendant appeals upon the ground that a recovery is barred because of the Statute of Limitations.   He was an acquaintance and friend of one Andrew J. Horvatt, the payee named in the notes, and a member of a law firm of which Horvatt was a client.   In connection with the first note of $6,500, dated December 29, 1923, plaintiff stresses the following circumstances as showing defendant's intention that it was to be and remain a part of the assets of the bank, with Horvatt defendant's agent in all matters in relation thereto.   Defendant knew that Horvatt, a private banker, contemplated turning over that business on January 1, 1924, to the plaintiff corporation, and that on December 24, 1923, a corporation indebted to Horvatt upon notes for $6,500 became bankrupt, which notes were later assigned to and proven in the bankruptcy court by defendant's law firm.   Defendant denies that he knew or was told by Horvatt

that the $6,500 note was to be placed among the assets of the bank. This denial is uncontroverted unless by the above facts, which lose significance as Horvatt at the time was engaged in various and large business ventures, and was believed to possess a fortune of several hundred thousand dollars. The second note in suit is dated October 4, 1924. Defendant says Horvatt came to the law office on that day and said the $6,500 note had been destroyed, and asked defendant to make a new note for $5,000, as he wished to use that amount of money for a short time.

The notes were negotiated with plaintiff by Horvatt, its president, and were a part of the assets at the time of the failure on December 15, 1930. No payment of interest or principal was ever made by the defendant, but interest was paid regularly by Horvatt. The brief of the plaintiff, respondent, quotes from the opinion of the trial judge: "Plaintiff contends that the notes were given pursuant to a fraudulent conspiracy between Horvatt and the defendant and for the purpose of making the appearance of assets for the State Bank of Binghamton." The plaintiff disavows this and says that the court was mistaken, and further, "Plaintiff does not claim or contend that defendant was guilty of any fraud. In fact, it urges the application of the legal maxim fixing the responsibility as between two innocent parties," and further states its position to be, "There was no fraud in this transaction. Plaintiff contends that defendant's notes were at all times and still are actual, valid and honest assets of the State Bank of Binghamton."

Upon the negotiation by Horvatt, plaintiff became the owner of the notes, with all the rights given by article 6 of the Negotiable Instruments Law. Defendant and Horvatt were jointly and severally liable to plaintiff. The payment by one joint obligor upon a promissory note does not stop the running of the Statute of Limitations as to another. (*Shoemaker* v. *Benedict,* 11 N. Y. 176; *Empire Trust Co.* v. *Heinze,* 242 id. 475.) None of defendant's acts made Horvatt his agent for the purpose of making payments which would amount to acknowledgments of liability and from which new promises to pay could be implied. (*Harper.* v. *Fairley,* 53 N. Y. 442; *Brooklyn Bank* v. *Barnaby,* 197 id. 210; *Hoover* v. *Hubbard,* 202 id. 289.)

Plaintiff apparently relied entirely upon the financial responsibility of Horvatt, and during more than six years failed to communicate with defendant concerning these notes, but did communicate concerning other notes held by it, of which defendant was maker and upon which he had received the proceeds. A recovery against the defendant upon these notes is barred by the Statute of Limitations.

I favor a reversal on the law and facts and a dismissal of the complaint.

McNamee, Bliss and Heffernan, JJ., concur; Rhodes, J., dissents and votes to affirm on the ground that the defendant is estopped from questioning the validity of the notes.

Judgment reversed on the law and facts, with costs, and complaint dismissed, with costs, on the ground that the notes are barred by the Statute of Limitations. The court reverses findings of fact numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41 and 42 as immaterial. The court reverses findings of fact numbered 31 and 32 as not sustained by the evidence. The court strikes from finding 44 the words, " for the same purposes as the $6,500 note as hereinbefore found."