PEOPLES TRUST COMPANY OF MALONE, Respondent, v. HAROLD G. O'NEIL, Defendant, and ELLA S. O'NEIL, Appellant.

Argued January 15, 1937; decided March 16, 1937.

*Robert E. Whalen, Thomas E. Shean* and *Fred J. Flanagan* for appellant. The defendants' motion for a nonsuit and the dismissal of the complaint at the close of the plaintiff's case should have been granted. (*Mason* v. *Henry*, 152 N. Y. 529; *Bender* v. *Blessing*, 36 N. Y. Supp. 163; *Metropolitan Life Ins. Co.* v. *Meeker*, 85 N. Y. 614; *Hulbert* v. *Nichol*, 20 Hun, 454.) The notes were barred by the Statute of Limitations as to the defendant-appellant, and such statute is an absolute defense. (*Brooklyn Bank* v. *Barnaby*, 197 N. Y. 210; *State Bank of Binghamton* v. *Mangan*, 268 N. Y. Supp. 146; 269 N. Y. 598; *Empire Trust Co.* v. *Heinze*, 242 N. Y. 475; *McMullen* v. *Rafferty*, 89 N. Y. 456; *Sewell* v. *Swift*, 151 App. Div. 584; *Wheeler* v. *Warner*, 47 N. Y. 519.) Part payments when relied upon to take a case on a note out of the Statute of Limitations, apply only against the person making them. (*Brooklyn Bank* v. *Barnaby*, 197 N. Y. 210; *Littlefield* v. *Littlefield*, 91 N. Y. 203; *Utica Nat. Bank* v. *Ballou*, 49 N. Y. 158; *Shoemaker* v. *Benedict*, 11 N. Y. 176; *State Bank of Binghamton* v. *Mangan*, 268 N. Y. Supp. 146; *Empire Trust Co.* v. *Heinze*, 242 N. Y. 475; *Sewell* v. *Swift*, 151 App. Div. 584.) The liability of the defendant-appellant terminated six years from the date of the making of the notes, regardless of the wording on the back of the same. (*Mead* v. *Parker*, 111 N. Y. 259; *Insurance Co.* v. *Wright*, 76 N. Y. 445; *McMurray* v. *Noyes*, 72 N. Y. 524; *Alger* v. *Alger*, 83 App. Div. 168; *Bartholomew* v. *Seaman*, 25 Hun, 619.) This was not a continuing guaranty. (*Mutual Life Ins. Co.* v. *U. S. Hotel Co.*, 82 Misc. Rep. 632; *Ridge* v. *Judson*, 24 N. Y. 64; *Froment* v. *Taylor*, 25 Misc. Rep. 776; *City Nat. Bank* v. *Phelps*, 16 Hun, 160; 86 N. Y. 484; *Picker* v. *Fitzelle*, 28 App. Div. 519.)

*H. W. Main* and *Louis H. Starikov* for respondent. Appellant by her indorsements became an absolute guarantor of payment and is, therefore, liable as a surety. (*McMurray* v. *Noyes*, 72 N. Y. 523; *Howe Machine Co.*

v. *Farrington*, 16 Hun, 591; 82 N. Y. 121; *Curtis* v. *Brown*, 2 N. Y. 225; *Davis* v. *Wells*, 104 U. S. 159; *Pennsylvania Trust Co.* v. *McElroy*, 112 Fed. Rep. 509; *County Trust Co.* v. *Mara*, 242 App. Div. 206; 266 N. Y. 540; *Stein* v. *Whitman*, 156 App. Div. 861; *Douglas* v. *Howland*, 24 Wend. 35.) The Statute of Limitations is no defense here to the guarantor. (*Catskill National Bank* v. *Dumary*, 206 N. Y. 550; *Westchester Mortgage Co.* v. *McEntire*, 168 App. Div. 139; *Custeloid Co.* v. *Graubard*, 126 Misc. Rep. 606; *Parker* v. *Stroud*, 98 N. Y. 379; *Merritt* v. *Todd*, 23 N. Y. 28; *Pardee* v. *Fish*, 60 N. Y. 265; *Herrick* v. *Woolverton*, 41 N. Y. 581; *Wheeler* v. *Warner*, 47 N. Y. 519; *Crim* v. *Starkweather*, 88 N. Y. 339.)

HUBBS, J. Harold G. O'Neil, a defendant, made and delivered to the respondent two demand negotiable promissory notes, for which he received the consideration. The appellant Ella S. O'Neil, his mother, prior to delivery of the notes, guaranteed the payment thereof by indorsing on the back of each the following: " For value received I hereby guarantee the payment of the within note and hereby waive demand of payment, protest and notice of protest on the same."

She never made any payments on the notes. Her son, the maker, made certain payments, but not as her agent or with her authority. It is conceded that she is an absolute guarantor for payment of the notes. This action was commenced more than six years after the notes became payable and her liability as guarantor became fixed. Her defense is that she has been released by the six-year Statute of Limitations. It has thus far been decided that so long as the maker remained liable for payment on the notes appellant's guaranty continues and she remains liable. It is argued that as the maker continues to be liable, as the Statute of Limitations has not run against him because of his payments, it has not run against the appellant, the guarantor.

As the notes were payable on demand, the Statute of Limitations commenced to run in favor of the appellant at once, and her liability as guarantor became fixed. (Civ. Prac. Act, § 15; *McMullen* v. *Rafferty*, 89 N. Y. 456; 3 Williston on The Law of Contracts, § 2004.)

After the expiration of six years, if no payment had been made on the notes, appellant would have been relieved from liability by the six-year Statute of Limitations. It is said, however, in effect, that as payments were made by the maker of the notes, the statute was extended for six years from the date of the last payment. Unquestionably that is true as to the maker. How was it extended as to the appellant guarantor? The statute could only be extended as to the appellant by payments made by the maker if he, in making the payments, made them as appellant's agent. (*Littlefield* v. *Littlefield*, 91 N. Y. 203; *Akin* v. *Van Wirt*, 124 App. Div. 83; *McMullen* v. *Rafferty, supra.*)

If it be true that the liability of a guarantor may be extended by payments made by the maker which keep the obligation alive as against him, then the obligation of a guarantor may be indefinitely extended by the maker making small payments upon the obligation every six years and thereby keeping it alive against himself. (*Shoemaker* v. *Benedict*, 11 N. Y. 176, at pp. 186, 187.)

It is well settled that a payment in case of a joint liability by one does not extend the statute as to others jointly liable. (*Hoover* v. *Hubbard*, 202 N. Y. 289; *State Bank of Binghamton* v. *Mangan*, 240 App. Div. 327; affd., 269 N. Y. 598; 1 Williston on The Law of Contracts, § 191.)

The same rule applies as to a payment by a principal debtor. It does not have the effect of extending the statute as against a surety. (1 Williston on The Law of Contracts, § 193; *Ulster County Sav. Institution* v. *Deyo,* 116 App. Div. 1; affd., 191 N. Y. 505.)

Neither can a payment by a surety extend the statute against the principal. (1 Williston on The Law of Contracts, § 193; *Harper* v. *Fairley*, 53 N. Y. 442.)

Professor Whiteside in his notes on the Restatement of the Law of Contracts says that section 127 states the New York rule, citing *Shoemaker* v. *Benedict* (11 N. Y. 176) and *Hoover* v. *Hubbard* (202 N. Y. 289).

Unquestionably the rule is different in certain other States. (1 Williston on The Law of Contracts, § 346, p. 671.)

The obligation of a joint maker and of a surety is primary. That of a guarantor is an independent separate contract. (*Fischer* v. *Mahland*, 191 App. Div. 209; *Stein* v. *Whitman*, 156 App. Div. 861; revd. on other grounds, 209 N. Y. 576.)

It would seem on principle, therefore, that the rule applicable in the case of a joint maker or surety should be applicable in the case of an absolute guarantor. That principle was correctly stated by Judge EARL in *McMullen* v. *Rafferty* (89 N. Y. 456), and the case has been frequently cited and never questioned or overruled.

14 Am. & Eng. Ency. of Law (2d ed.), p. 1161, reads: " After a cause of action on the principal contract has become barred by the Statute of Limitations, no subsequent acknowledgment by the principal debtor can take the case out of the statute as to the guarantor. The principal and guarantor are liable on distinct grounds, and the subsequent acts of the former in relation to the original obligation cannot be imputed to the latter any further than those of a stranger," citing *Meade* v. *M'Dowell* (5 Binn. [Pa.] 195). The cases in this State hold that there is no difference in the rule whether the payment which is claimed extends the statute, is made before or after the due date of the contract. (*Shoemaker* v. *Benedict, supra; Hoover* v. *Hubbard, supra.*)

An action on a contract brought after six years from its due date must be brought on the new promise, express or implied, which operates to take the claim out of the statute. The new promise must be made by the one sought to be bound or his agent, duly authorized or his act thereafter ratified. Prior to the case of *Van Keuren*

v. *Parmelee* (2 N. Y. 523) the rule followed in some cases in this State was that announced by Lord MANSFIELD in *Whitcomb* v. *Whiting* (Doug. 652) to the effect that a payment or new promise by one joint debtor which had the effect of avoiding the Statute of Limitations as to him had the same effect as to his joint obligors. The *Van Keuren* case settled the law in this State to the contrary and laid down the principle " that such acknowledgment or promise, to take a debt out of the statute, must be made by the party to be charged or by some person authorized by him," and " that there is no mutual agency between joint debtors by reason of the joint contract, which will authorize one to act for and to bind the others in a manner to vary or extend their liability." (See *Shoemaker* v. *Benedict*, 11 N. Y. 176, 184.)

If a joint debtor cannot bind his joint obligor or a principal bind his surety so as to evade the bar of the Statute of Limitations without express or implied authority so to do, how can it on principle be decided that a maker of a note may so bind a guarantor? That a guarantor cannot be so bound has been decided in other jurisdictions. (*Wachovia Bank & Trust Co.* v. *Clifton,* 203 N. C. 483; 84 A. L. R. 725, where cases from other States are collated in a note. See, also, 17 Ill. Law Review, 1, and Buswell on The Statute of Limitations § 60.)

The judgments should be reversed and the complaint dismissed, with costs in all courts.

O'BRIEN, J. (dissenting). Appellant's liability, if any, must rest upon her contract of guaranty. Her sole defense is the six-year Statute of Limitations. She was not the maker, as in *State Bank of Binghamton* v. *Mangan* (269 N. Y. 598), nor a co-maker, as in *Hoover* v. *Hubbard* (202 N. Y. 289) and *Shoemaker* v. *Benedict* (11 N. Y. 176), nor a surety, as in *Littlefield* v. *Littlefield* (91 N. Y. 203) and *Gould* v. *Cayuga County Nat. Bank* (86 N. Y. 75), nor an indorser within the provisions of the Negotiable Instru-

ments Law (Cons. Laws, ch. 38). Her status differs radically from that of the defendant in *McMullen* v. *Rafferty* (89 N. Y. 456), who, instead of executing an agreement expressly guaranteeing payment of a negotiable note, merely wrote his name on the back of a note without any other words. Although the opinion in that case states that the defendant was not an indorser with the rights and liabilities of a simple indorser, suggests that he could be held as a maker or as a guarantor and discusses the effect of the Statute of Limitations in respect to a guarantor, this court in *Murdock* v. *Waterman* (145 N. Y. 55, 64) treats the defendant in *McMullen* v. *Rafferty* as an indorser.

When appellant contracted to " guarantee the payment " of the notes she became an absolute guarantor for the payment. The effect of this language is that the maker will pay and makes appellant liable when the maker failed to pay. (*Catskill Nat. Bank* v. *Dumary*, 206 N. Y. 550, 558.) When she contracted in the form of a guaranty upon the back of the note she cannot be made liable as *indorser* but is under an absolute agreement to see that the maker paid the note at maturity, (*Brown* v. *Curtiss*, 2 N. Y. 225, 228.) Her intent to bind herself as a continuing guarantor must be inferred. The maker did not pay and he has not yet succeeded in shaking off his liability. A distinction between a guarantor and a maker, indorser or surety is recognized (Arant on The Law of Suretyship and Guaranty, pp. 13, 20), and we have held in *First Nat. Bank* v. *Jones* (219 N. Y. 312, 314): " If the agreement was an unconditional guaranty of payment then the plaintiff's right of action on the guaranty was complete when the makers of the notes failed to pay according to the terms thereof. (*Brown* v. *Curtiss*, 2 N. Y. 225, 227; *Stein* v. *Whitman*, 209 N. Y. 576.)"

CRANE, Ch. J., LEHMAN, LOUGHRAN and RIPPEY, JJ., concur with HUBBS, J.; O'BRIEN, J., dissents in opinion; FINCH, J., taking no part.

Judgments reversed, etc.