Richard J. Sherman, J.
This court infers that this action was transferred by the Supreme Court to the County Court of the County of Saratoga.
At the October Trial Term of County Court, the pleadings were modified by a stipulation made in open court to showr that the plaintiff is a licensed lender; that defendants reside in Saratoga County; that the note signed by the defendants and delivered to the plaintiff required 20 consecutive monthly installments of $15.73 beginning April 29, 1950 with the final payment to become due November 29, 1951; that but five of such installments were paid; and that one additional payment of $2 was made on June 9,1951.
The defendant, Joseph V. Fisher, disputes the payment of $2 on June 9, 1951, but the plaintiff concedes this point for the purpose of submitting the case. The defendant, Joseph V. Fisher, contends the $2 payment was not made by him and is not binding upon him.
The summons in this action was served on May 7, 1957. Defendant, Joseph V. Fisher, argues that the action against Joseph V. Fisher was barred by the Statute of Limitations. (Civ. Prac. Act, § 47.)
The action had previously been severed as against both defendants, and plaintiff entered judgment against the defendant, Alice Fisher.
The defendant, Joseph Fisher, is correct in his argument that the $2 payment is not binding upon him.
The payment by one joint obligor does not stop the running of the Statute of Limitations as to the other. (State Bank of Binghamton v. Mangan, 240 App. Div. 327, affd. 269 N. Y. 598; Peoples Trust Co. v. O’Neil, 273 N. Y. 312; Hoover v. Hubbard, 202 N. Y. 289. See, also, Ricci v. Perrino, 285 App. Div. 502.)
However, the defendant, Joseph Y. Fisher, is wrong as to his argument that the Statute of Limitations runs from the last payment on account of principal and interest, which in the instant case, would be September 20, 1950.
All defenses except the defense based upon the Statute of Limitations were abandoned by the defendant, Joseph V. Fisher.
The Statute of Limitations runs not from the date of the last payment of principal and interest, exclusive of the $2 payment, but from the date the installment payments were due. (Colum *414 bus Ind. Bank v. Verrelli, 260 App. Div. 1040, affd. 285 N. Y. 816; Pine v. Okoniewski, 256 App. Div. 519. See, also, Gignac-Gornell, Inc., v. Klinger, 71 N. Y. S. 2d 886.)
Judgment for the plaintiff is granted against the defendant, Joseph Y. Fisher.