George M. Fanelli, J.
The crucial issue presented in this contract action, tried before the court without a jury, concerns the construction and interpretation of two letters exchanged between the parties, and hinges upon whether or not certain key phrases contained in such correspondence should be enlarged and extended to include blasting damage allegedly sustained to plaintiff’s nearby apartment house building.
Both parties were adjoining property owners and, on January 9, 1952, defendant addressed the following letter to plaintiff:
‘ ‘ As per our telephone conversation, we are writing you in reference to our construction of a garage building on our property in the rear of your apartment building located on N. Terrace Ave., Fleetwood, Mt. Vernon, N. Y.
“ This operation may involve possible disturbance of the existing fence in the rear of your property and should this be the case, we would like your permission to remove any portion thereof with the understanding that it will be reset and restored as before as will any part of the premises so disturbed, all at our cost.
“We are the owners of the Princeton Apartments, which adjoins your building, and you can rest assured that we shall exercise all prudence and care relative to matters common.” (Emphasis supplied.)
In reply to this letter, plaintiff sent the following letter: “ The owner will and does consent to possible disturbance of the fence referred to in the second paragraph of your letter of January 9th, 1952, upon the express understanding that you will wholly indemnify and save harmless, from any and all claims, judgments or injury to the property or persons, including death, arising from or in connection with the work referred to in your letter. Will you kindly sign your approval and acceptance of the foregoing upon the carbon copy of this letter.” (Emphasis supplied.)
The material and relevant facts are not in dispute. While plaintiff concedes that the fence referred to in the afore-mentioned correspondence has been reset and restored to its original condition by defendant and that no claims have been asserted against it as the result of such work, nevertheless, by this lawsuit plaintiff seeks to recover in contract and by way of indemnity for damages allegedly sustained to its apartment *352 house building as the result of certain blasting operations conducted by defendant which were incidental to the latter’s construction of the garage building mentioned in defendant’s original letter. Defendant, on the other hand, takes the position that the contract of indemnity undertaken by it was limited solely and must be pin-pointed to the removal, resetting and restoration of the fence in question and should not be extended to any damage sustained by plaintiff as the result of blasting undertaken by it.
This court is of the opinion that defendant must prevail in this action. It is well settled that in construing the provisions of a contract courts should give due consideration to the circumstances surrounding its execution, to the purpose of the parties in making the contract, and, if possible, they should give to the agreement a fair and reasonable interpretation (Aron v. Gillman, 309 N. Y. 157, 163; 3 Corbin, Contracts, pp. 78-79, 88-91, 115; 3 Williston, Contracts [Eev. ed.], pp. 1780-1788).
In the case at bar, it would appear that the agreement between the parties is plain, clear and unambiguous and means precisely what it says. It is quite obvious that the parties attempted to make provision for the payment of any damages that plaintiff might sustain by reason of defendant’s “possible disturbance of the existing fence in the rear of (plaintiff’s) property.” It is clear that both parties were primarily concerned with the fence in question and its possible removal, and what they wrote was unequivocally referable to the fence and only the fence, and not to plaintiff’s apartment house building. To adopt plaintiff’s interpretation of the correspondence to the extent of enlarging and extending it to blasting damage would require straining. This court cannot make a new agreement for the parties under the guise of interpreting the writing (Brown v. Manufacturers Trust Co., 273 N. Y. 317; Freidman v. Handelman, 300 N. Y. 188, 194; Wilson Sullivan Co. v. International Paper Makers Realty Corp. 307 N. Y. 20, 25), nor will it by judicial determination place a strained or unreasonable construction upon the unambiguous provisions thereof (Cream of Wheat Co. v. Crist Co., 222 N. Y. 487, 493-494).
This court is not now concerned with the question of negligence as such. This tort phase of the relationship between the parties has already been litigated (see Fleetash Realty Co. v. Mount Vernon Contr. Corp., 5 A D 2d 687, affd. 5 N Y 2d 854).
In the light of the above views, the court finds it unnecessary to pass upon the question of damages or the defenses raised by defendant in its answer. Accordingly, the complaint is dismissed.
*353 The foregoing constitutes the decision of this com t in accordance with the provisions of section 440 of the Civil Practice Act. All exhibits may be obtained from the Clerk at Trial Term, Part II.
Settle judgment on notice.