S. Samuel Di Falco, S.
Upon the proof adduced on the hearing the court holds that the executrix has established the validity of the following undisputed claims against the estate and they are accordingly allowed. (Surrogate’s Ct. Act, § 212.)
(1) Note in the sum of $15,000 drawn by the decedent on November 6, 1958 payable to the executrix.
(2) Household bills for goods sold and services rendered prior to the death of the decedent in the amount of $1,440.73.
(3) $12,726.78 paid to Thomas W. Burgess in connection with the construction of a house contracted for by the decedent and paid by the executrix as to that amount for services rendered prior to her husband’s death.
(4) $1,154.85 paid by the executrix to Mr. William W. Budd for architectural services contracted for by the decedent and completed prior to his death.
The special guardian for infant beneficiaries of the residuary trust opposes the claim of the executrix for payment of a series of notes totaling $44,074.61 and executed by the decedent on January 31, 1951 payable to the executrix on demand. These notes, 14 in number, were part of a group of 23, all except one in the sum of $3,000, the final one being in the amount of $2,074.63. These notes were delivered to the petitioner by the decedent pursuant to a contract of even date under which he undertook to purchase and she to sell her interest in the partnership of Geffen Dunn and Company for a total consideration of $68,074.61. Notes numbered one through eight were paid in full by the decedent, one note being paid in each year up to the time of his death. It is the position of the special guardian that the remaining notes are barred by the six-year Statute of Limitations (Civ. Prac. Act, § 48, subd. 1). The court holds on the record before it that the payments were clearly made as a part of a single transaction and that consequently the statute does not bar recovery on the notes still unpaid, inasmuch as the action to compel payment was commenced by the institution of this proceeding within six years from the last payment. See Peoples Trust Co. v. O’Neil (273 N. Y. 312) where the court said at page 315: “ After the expiration of six years, if no payment had been made on the notes, appellant would have been relieved from liability by the six-year Statute of Limitations. It is said, *311 however, in effect, that as payments were made by the maker of the notes, the statute was extended for six years from the date of the last payment. Unquestionably, that is true as to the maker.” The claim on the unpaid notes is allowed in the sum of $44,074.51.
At the time of the decedent’s death construction on the house which he had engaged Mr. Burgess to erect had been partially completed. He had himself prior to death paid $51,654.57 on account of the contract price and after his death petitioner out of her own funds paid an additional $12,726.78 for work which had been completed prior to the decedent’s death and an additional $17,672.41 for the completion of the house under the contract after his death. The contract for the construction of the house did not come within the operation of the Statute of Frauds since performance could have been completed within a year (Personal Property Law, § 31, subd. 1). The obligation is therefore enforcible against the estate but the petitioner, to whom the property was specifically devised, is individually liable for that portion of the total cost represented by services rendered subsequent to the death of the testator when title passed to the devisee (Beal Property Law, § 250; Annotation, “Improvement initiated by decedent ” 5 A. L. B. 2d 1250 and cases there cited). This portion of the total claim is therefore allowed only in the reduced amount of $12,726.68.