ROBERT G. PERRY, as Trustee in Bankruptcy of BROADWAY
TRIMMED HAT COMPANY, Respondent, v. VAN NORDEN
TRUST COMPANY, Appellant.

INSOLVENCY — WHEN TRANSFER OF PROPERTY BY CORPORATION,
IMMEDIATELY PRIOR TO ITS INSOLVENCY, NOT WITHIN PROVISION OF
SECTION 48 OF STOCK CORPORATION LAW PROHIBITING PREFERENCES.
Where a trust company, holding notes of a corporation subsequently
adjudged a bankrupt, which were indorsed by a perfectly good indorser,
in consideration of the transfer to it, by the corporation, of certain prop-
erty, and having no knowledge or notice which forbade it from so doing,
surrendered its notes and thereby lost the security of the indorsements,
it cannot be required to return the property under the provision of section
48 of the Stock Corporation Law (L. 1892, ch. 688) prohibiting preferences,
even though the transfer of the property caused the insolvency of the cor-
poration, but it is within the protection of the provision of the same sec-
tion that no conveyance, assignment or transfer "shall be void in the
hands of a purchaser for a valuable consideration without notice."
    *Perry* v. *Van Norden Trust Co.*, 118 App. Div. 288, reversed.

    (Argued April 15, 1908; decided May 19, 1908.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered March
22, 1907, reversing a judgment in favor of defendant entered
upon a dismissal of the complaint by the court on trial at
Special Term and granting a new trial.

    The nature of the action and the facts, so far as material,
are stated in the opinion.

    *Edward W. S. Johnston* for appellant.   The plaintiff
utterly failed to prove a cause of action on his first count in
his amended complaint against the defendant under the pro-
visions of section 48 of the Stock Corporation Law.   (*Hal-
bert* v. *Pranke*, 97 N. W. Rep. 976 ; *Martin* v. *Bigelow*, 36
Misc. Rep. 298 ; *Matter of Pattenhill*, 135 Fed. Rep. 218 ;
*Coates* v. *Donnell*, 16 J. & S. 48 ; *Upson* v. *Mt. Morris
Bank*, 103 App. Div. 367 ; *Brando* v. *Barnett*, 12 C. & F.

787; L. R. [1 App. Cas.] 487; *Jourdaine* v. *Lefevre*, 1 Esp. 866; *Grant* v. *Taylor*, 3 J. & S. 338; *Kelly* v. *Phelan*, 5 C. C. Rep. 228; *Matter of P. S. G. Co.*, 135 Fed. Rep. 77.)

*J. G. Engel* for respondent. The payment made on May 24, 1904, by the Broadway Trimmed Hat Company to the defendant Van Norden Trust Company of the sum of $4,000 for the redemption of the three promissory notes aggregating that amount was void under section 48 of the Stock Corporation Law of this State. (*Cole* v. *M. I. Co.*, 133 N. Y. 168; *Bartlett* v. *Drew*, 57 N. Y. 587; *Hurd* v. *N. Y. C. S. Laundry*, 167 N. Y. 85; *Salt* v. *Ensign*, 79 Hun, 110; *Hilton* v. *Ernest*, 38 App. Div. 94; *L. C. Co.* v. *Nat. Lead Co.*, 41 App. Div. 538; *Munson* v. *G. I. Works*, 37 App. Div. 203; *Watson* v. *Poague*, 42 Iowa, 582; *Schwartz* v. *F. Nat. Bank*, 117 Fed. Rep. 1.)

HISCOCK, J. The complaint purported to set forth two causes of action. By the first of these respondent attacked and sought to set aside certain payments of money and transfers of accounts by the Broadway Trimmed Hat Company while insolvent as made in contravention of the provisions of section 48 of the Stock Corporation Law. By the second cause of action respondent sought to enforce an accounting by the appellant for moneys claimed to have been collected by it on accounts assigned to it by said company.

The respondent on this appeal does not assert any right to recover on the latter cause of action or that the order of the learned Appellate Division reversing the judgment of the trial court should be affirmed because any error was committed by the latter with respect to said cause of action. He bases his claim to recover solely upon his first cause of action.

As already stated, that cause of action is founded on section 48 of the Stock Corporation Law (L. 1892, ch. 688) which, so far as material, reads: "No conveyance, assignment or transfer of any property of any such corporation by it or by any officer, director or stockholder thereof, nor any payment made,

judgment suffered, lien created or security given by it or by any officer, director or stockholder when the corporation is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over other creditors of the corporation shall be valid.   Every person receiving by means of any such prohibited act or deed any property of the corporation shall be bound to account therefor to its creditors or stockholders or other trustees.  *  *  *  Every transfer or assignment or other act done in violation of the foregoing provisions of this section shall be void.  *  *  *  No such conveyance, assignment or transfer shall be void in the hands of a purchaser for a valuable consideration without notice."

From the admitted allegations of the pleadings and from those findings of the trial court which may be regarded on this appeal as sustained by undisputed evidence, the following facts are conclusively established :

On May 24, 1904, the appellant held for value three promissory notes made by the Broadway Trimmed Hat Company aggregating $4,000, none of which was yet due and all of which were indorsed by one Feist who then was and at all times thereafter continued to be perfectly solvent and responsible for his indorsements.   On said date said Hat Company deposited with appellant the sum of $1,000 and also procured from it a loan of $3,000 on its promissory note secured by certain accounts and assets then transferred to the trust company.   With this deposit and the proceeds of this loan the Hat Company took up and obtained the promissory notes above mentioned from appellant which never since has had possession or control of the same.   By the transfer of its accounts and assets to the trust company the Hat Company became insolvent and was subsequently adjudicated a bankrupt; but the appellant did not at the times mentioned know or have cause to believe that said company was insolvent or have any knowledge or notice of any intent on the part of said company or its officers to give a preference, nor did it have any intent to acquire a preference.   Before this action was commenced all of said notes taken up as aforesaid had become due and, of

course, they were not by the appellant presented for payment or protested, and so far as appears the indorser was not a party to the transaction whereby they were taken up and protest lost and no offer has been made to restore to appellant its original rights with respect to said notes. Thus it appears that the appellant having notes made by a corporation subsequently adjudged a bankrupt, but indorsed by a perfectly good indorser, and having no knowledge or notice which forbade it from so doing, in consideration of the transfer of certain property, has given up its notes and lost the security of its indorsement and is now asked to return the property which it received in the place of such indorsement. We have doubts whether the intent of the Hat Company in this transaction was to prefer the appellant. The latter was not affected by the exchange so long as the indorser was responsible. The object and result of what was done was doubtless the protection and relief of the indorser. But however this may be, we see no escape from the conclusion that the appellant in perfectly good faith has surrendered its notes and lost a perfectly good indorsement in consideration of the transfer to it of other property by the maker of those notes, and that under such circumstances it is not subject to the provisions of the statute prohibiting preferences, but is within the protection of those other provisions enacted for the benefit of purchasers for a valuable consideration and without notice.

The order of the Appellate Division should be reversed and the judgment of the Special Term affirmed, with costs in both courts.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WILLARD BARTLETT and CHASE, JJ., concur.

Ordered accordingly.