MARSH v. LESEMAN et al.

(Circuit Court of Appeals, Second Circuit. April 10, 1917.)

No. 184.

1. BANKRUPTCY ⊂⊃165(4)—PREFERENCES—EXCHANGE OF SECURITIES.

A bankrupt conveyed land to L., his brother-in-law, as security for a debt, by a deed which was not recorded. Within four months before bankruptcy he conveyed the land to a third party in exchange for other land, which he thereupon conveyed to L. upon surrender of the unrecorded deed and the notes representing the indebtedness. *Held,* that there was no preference, but merely an exchange of valid securities.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 266.]

2. EVIDENCE ⊂⊃178(4, 8)—SECONDARY EVIDENCE—DESTRUCTION OR LOSS OF WRITING.

Parol testimony as to the contents of a deed and notes was properly admitted, where there was testimony that the deed and notes had been destroyed.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 584, 589.]

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. COURTS ⟨⟩376—FEDERAL COURTS—STATE LAWS—RULES OF EVIDENCE.**

Tax Law (Consol. Laws N. Y. c. 60) § 258, providing that no mortgage of real property subject to the taxes imposed by that law shall be received in evidence in any action or proceeding, applies only to actions in the New York courts, and not to actions in the federal courts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 984.]

**4. BANKRUPTCY ⟨⟩161(1)—PREFERENCES—FAILURE TO RECORD TRANSFER.**

Under Bankr. Act July 1, 1898, c. 541, § 60a, 30 Stat. 562 (Comp. St. 1916, § 9644), providing that certain transfers within four months before the filing of the petition shall constitute preferences, and that, where the preference consists in a transfer, such period of four months shall not expire until four months after the recording or registering of the transfer, if by law such recording or registering is required, and Real Property Law (Consol. Laws, N. Y. c. 50) § 291, making unrecorded deeds void as against subsequent purchasers in good faith and for value, whose conveyance is first recorded, an unrecorded deed, executed as security for a debt more than four months before bankruptcy, was not a voidable preference; the trustee in bankruptcy not being a subsequent purchaser in good faith, for value, and not representing any such person.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 261, 262, 287.]

Appeal from the District Court of the United States for the Eastern District of New York.

Action by William F. Marsh, as trustee in bankruptcy of Henry D. Drewes, against Louis D. Leseman and others. From a decree for defendants, complainant appeals. Affirmed.

William A. Young, of New York City, for plaintiff.

N. S. Nelson, of New York City, and A. G. Schaffner, of Brooklyn, N. Y., for defendants.

Before COXE, WARD, and ROGERS, Circuit Judges.

WARD, Circuit Judge. The plaintiff, as trustee in bankruptcy of Henry D. Drewes, brought this suit in equity to set aside a conveyance by him and wife to the defendant Louis D. Leseman of certain real estate at Richmond Hill, Long Island, dated January 19, 1915, on the ground that it was a preference under section 60b of the Bankruptcy Act; Drewes being then insolvent, Leseman having reasonable cause to believe that he was insolvent, and that the conveyance would effect a preference, and Drewes having been adjudicated a bankrupt within four months, on a voluntary petition filed March 5, 1915.

The evidence is that Leseman loaned Drewes, who was his brother-in-law, $3,500 September 17, 1912, payable on demand. In November, 1912, he demanded payment, and Drewes gave him two demand notes, together with a deed for the premises at Queens, Long Island, in which he was conducting his grocery business, as security. This deed was not recorded by Leseman, but it was good between the parties and against all the world, except subsequent purchasers in good faith and for a valuable consideration from the same vendor, whose conveyance is first recorded. Section 291, Real Property Law.

In January, 1915, Drewes secured an offer for his business, stock on hand, and premises at Queens from one Sedorf of $1,625 in cash and

certain premises at Richmond Hill, Long Island. Leseman consented to take these premises in exchange for the demand notes and the unrecorded deed for the Queens premises which he had received from Drewes as security. The transaction was carried out as follows: January 18, 1915, Christine Sedorf conveyed the Richmond Hill premises to Henry D. Drewes. On the same day Henry D. Drewes conveyed the Queens premises to Christine Sedorf. January 19th, Leseman surrendered the demand notes and unrecorded deed to the Queens premises to Henry D. Drewes, who with his wife, in consideration thereof, conveyed the Richmond Hill premises to him.

[1] It is admitted that the deed to the Queens premises was really a mortgage; that on January 19, 1915, Drewes was insolvent; that Leseman had reasonable cause to believe that he was insolvent; and that the transaction of that date was within four months of the filing of the petition. Still we discover no preference, but merely the exchange of valid securities, viz., the unrecorded deed delivered as security for a loan in 1912 for the deed to the Richmond Hill premises delivered in 1915.

[2] It is objected that parol testimony should not have been admitted as to the contents of the deed and of the notes delivered by Drewes to Leseman in 1912 and of the terms on which the deed was delivered; but, in view of the testimony that the deed and notes had been destroyed, secondary evidence was plainly admissible.

[3] The trustee relies further on section 258 of the Tax Law, which reads:

"Sec. 258. *Effect of Nonpayment of Taxes.* No mortgage of real property shall be recorded by any county clerk or register, unless there shall be paid the tax imposed by and as in this article provided. No mortgage of real property which is subject to the taxes imposed by this article shall be released, discharged of record or received in evidence in any action or proceeding, nor shall any assignment of or agreement extending any such mortgage be recorded."

This provision of the state law as to evidence applies to actions in its own courts, not to actions in the federal courts. Blodgett v. Zinc Co., 120 Fed. 893, 897, 58 C. C. A. 79; Groton Bridge Co. v. American Bridge Co. (C. C.) 151 Fed. 871, 876; Johnson v. New York Breweries Co., 178 Fed. 513, 101 C. C. A. 639.

Then it is argued that, notwithstanding the testimony to the contrary, the unrecorded deed must have been surrendered January 18th, because Drewes on that date gave a full warranty deed of the Queens premises to Sedorf. But the unrecorded deed, in the absence of notice, would not affect Sedorf's title, and it is not only more consistent with all probabilities that Sedorf had no such notice, but also with the express testimony that Leseman surrendered it to Drewes in exchange for the deed to the Richmond Hill premises the next day, and that the deed and the notes were then destroyed.

[4] At all events the trustee is not within the protection of section 60a of the Bankruptcy Act, because, not being a subsequent purchaser in good faith for a valuable consideration, and not representing any such person, the conveyance was not by law required to be recorded

against him. See our decision in Re Boyd, 213 Fed. 774, 130 C. C. A. 288, and Carey v. Donohue, 240 U. S. 430, 36 Sup. Ct. 386, 60 L. Ed. 726.

The decree is affirmed.