VALENTINA DI NUFRIO, Respondent, v. MICHELE AJELLO, SR., Appellant, Impleaded with Another, Defendant.

Second Department, December 19, 1924.

Contracts — action to recover money loaned — complaint alleges payment of interest — defense by appellant of six-year Statute of Limitations and denial of payment of interest — appellant alleges that transaction was deposit of money with his son and that appellant signed as surety receipt containing promise to repay — motion by plaintiff to strike out answer and for summary judgment improperly granted.

In an action to recover money loaned by the plaintiff, a motion to strike out the answer and for summary judgment should have been denied since it appears that the complaint alleged a loan made more than six years before the action was commenced and the payment of interest at stated intervals of six months up to January 1, 1924; that the answer interposed by the appellant, the other

defendant having defaulted, denied that he paid the plaintiff interest and set up the six-year Statute of Limitations as a defense.

Furthermore, the affidavit submitted by the appellant in opposition to the motion avers that the transaction was not a loan but a deposit of money by the plaintiff with the son of the appellant and that the appellant signed the receipt for the loan with a promise to repay, as surety merely, which if true prevented the Statute of Limitations from commencing to run until demand for repayment.

APPEAL by the defendant, Michele Ajello, Sr., from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 9th day of June, 1924, granting plaintiff's motion to strike out the answer and for a summary judgment, and also from the judgment entered in said clerk's office on the 10th day of June, 1924, pursuant to said order.

*Otho S. Bowling* [*Robert H. Elder* with him on the brief], for the appellant.

*Jacob Kirschenbaum*, for the respondent.

KELLY, P. J.:

The complaint alleges that on January 1, 1916, at the special instance and request of the defendants, the appellant and his son, Michele Ajello, Jr., the plaintiff loaned to defendants the sum of $3,500 which they promised to repay on demand, with interest at the rate of five per cent per annum.

The action was commenced on April 21, 1924, eight years after the alleged transaction, and to meet the defense of the Statute of Limitations the plaintiff alleges that at stated intervals of six months and up to January 1, 1924, the defendants paid to the plaintiff interest upon the indebtedness. Plaintiff alleges that on January 1, 1924, she demanded payment, which was refused, and she asks judgment for the sum alleged to be loaned, with interest from January 1, 1924. The defendant Michele Ajello, Jr., defaulted in answering. The defendant father, the appellant here, answered. 1. He denied that he or any one by him authorized, at any time paid to plaintiff interest on the sum alleged to be loaned. 2. He denied that he was indebted to plaintiff. This, however, is a mere conclusion of law. For a separate defense he pleads the six-year Statute of Limitations. (See Code Civ. Proc. §§ 380, 382; Civ. Prac. Act, § 48.)

In this state of the pleadings the plaintiff moved under rule 113 of the Rules of Civil Practice for an order striking out his answer and for summary judgment. The motion was granted and defendant has appealed from the order and the judgment entered thereon.

The situation presented by the pleadings and affidavits is somewhat unusual.

The plaintiff in her complaint alleges a loan of $3,500 to defendants, made at their request on January 1, 1916, and that they then and there promised to repay said sum on demand with five per cent interest. The defendant, appellant, in his answer pleaded the six-year Statute of Limitations. If the transaction was a loan it became presently due, and the Statute of Limitations began to run from the date of the receipt, and the action would be barred unless the debt was kept alive by the interest payments alleged to have been made by the defendants up to January 1, 1924. The defendant, appellant, denies that he made any payments of interest, and it appears that for more than six years past the payments alleged were made by the check of a corporation of which the defendant, appellant, and his son and codefendant were officers. Plaintiff does not state in her affidavit on the motion for summary judgment that the defendant, appellant, personally signed these corporate checks. Defendant avers that he knew nothing of the payments. I think this presented a question of fact as to appellant's liability to be determined on a trial. But the unusual thing is that the defendant, appellant, in his affidavit submitted in opposition to the motion for summary judgment avers that the transaction was not a loan but a deposit of money by the plaintiff with the son of defendant, appellant, who told his father that he intended to use the money deposited as part payment for a house purchased by the son. If this was the transaction it was a deposit and not a loan and the Statute of Limitations would not commence to run until demand for repayment. In such case neither party intended that the money should be due and payable presently. The distinction is pointed out in *Payne* v. *Gardiner* (29 N. Y. 146). In addition to this the appellant makes affidavit that he did not receive any part of the money, that it was paid to his son, and that the receipt containing the promise to repay with interest at the rate of five per cent per annum was not signed by him until some time after the transaction on the son's statement that plaintiff would feel more secure if she had the father's signature on the paper, and appellant says in his affidavit: " I simply signed that document as a surety, not as an original obligor, and she [plaintiff] must have known of such from the above circumstances." If the defendant, appellant, correctly states the nature of his obligation, then the statute did not begin to run until demand was made upon him for payment (*Shutts* v. *Fingar*, 100 N. Y. 539), and such demand was concededly made within the statutory period. Under these circumstances I think the plaintiff's motion to strike

out the answer of the defendant, appellant, and for summary judgment should be denied and the issue tried, so that the real nature of the transaction may be determined, whether it was a loan presently payable and whether defendant, appellant, kept it alive by payments of interest, or whether it was a deposit to be repaid on demand. The defendant, appellant, in his answer does not plead the matter stated in his affidavit that he was a surety rather than an original obligor, in which case the statute would not begin to run until demand made.

The judgment and order granting motion to strike out answer and for summary judgment should be reversed upon the law and the motion denied, with costs to abide the event.

JAYCOX, KELBY, YOUNG and KAPPER, JJ., concur.

Judgment and order granting motion to strike out answer, and for summary judgment, reversed upon the law, and motion denied, with costs to abide the event.