## In re NORTH BABYLON ESTATES, Inc.

Circuit Court of Appeals, Second Circuit.
December 3, 1928.

No. 164.

Alexander S. Andrews, of New York City, for appellant.

Abraham J. Halprin, of New York City, for appellees.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge. The bankrupt, North Babylon Estates, Inc., was the owner of land situated at Wyandanch, Suffolk county, New York, and offered it for sale for residential purposes in blocks of lots. From March to June, 1926, with its consent, the appellant performed work and furnished materials in improving the bankrupt's land in question, by clearing away the underbrush, timber, filling in and grading swamp land, laying streets and sidewalks, and putting up street signs. Several hundred lots were sold by the bankrupt for homes and business purposes. There was organized the North Babylon Properties, Inc., which became, by contract, the selling agent for this property, and it contracted with the appellant for this development work. When appellant was owed $28,000 for work performed, it filed a mechanic's lien against the property on June 19, 1926, and, in January, 1927, began a foreclosure of that lien by suit in the state Supreme Court. There was an underlying mortgage on the property, and the owners thereof began a foreclosure of the mortgage about the same time. In May, 1927, a simultaneous settlement was made by the bankrupt with the appellant and the mortgagee, by which part of the land was deeded to the mortgagee in satisfaction of the mortgage, and the remainder, which in large part was under contract of sale to about 140 installment sale vendees, was deeded to a trustee, together with the installment contracts, in trust to collect the installments. There was then $75,000 remaining unpaid, and it was agreed that there be paid to the appellant $25,000. In consideration of this trust interest, the appellant satisfied its mechanic's lien and discontinued the foreclosure suit.

The bankruptcy of the North Babylon Estates, Inc., followed on a petition filed September 22, 1927. A receiver appointed employed the trustee named in this deed of trust, and induced her to turn over to him all the undistributed trust moneys and to resign her position as trustee of said trust, and permitted the receiver to collect and re-ceive future installments as paid by the installment sale vendees. The petition of the appellant prayed that the trustee in bankruptcy thereafter named be required to account for and pay over to it the funds so diverted from the trustee of the deed of trust. An answer was filed to this petition by the trustee in bankruptcy, alleging that the deed of trust was preferential and fraudulent as to creditors, and demanded an affirmative decree on the counterclaim for the moneys paid by the trustee under the deed of trust before bankruptcy. The District Court referred the issues thus presented by the pleadings to a special master, who reported in favor of the appellant, but the District Court set aside the report and granted judgment against the appellant and for the appellee on the counterclaim.

As sales agent, the North Babylon Properties, Inc., was to receive 35 per cent. of the sales prices as commissions and it agreed to purchase one-half of the property for $17,-500. It agreed to pay for the cost of improvements and the purchase price out of its earned commissions. Thus the North Babylon Properties, Inc., became the purchasing vendee of a one-half interest. It also appears that the North Babylon Properties, Inc., was the owner of one-half of the stock of the bankrupt.

■ The appellant, having performed its work under the conditions and as described, the bankrupt may well be considered a consenting owner, as provided for under section 3 of the New York Lien Law (Consol. Laws, c. 33). McNulty Bros. v. Offerman, 221 N. Y. 98, 116 N. E. 775. And, as such, the bankrupt's ownership in the property would be subject to the appellant's lien, as was the interest in the North Babylon Properties, Inc. The latter was, for all practical purposes, in possession as vendee.

■ While it is contended here that the notice of lien misnamed the North Babylon Estates, Inc., as the North Babylon Properties, Inc., and that the appellant intended to file its lien under the statute against the North Babylon Estates, Inc., as owner of the fee, still it is satisfactorily established that such was not the intent, but the appellant mistakenly thought the North Babylon Properties, Inc., was the owner of the fee. The lien must be deemed as filed against the interest of the North Babylon Properties, Inc., in the land and to the moneys due this company as commissions. To that extent it was a valid lien.

■ This lien was surrendered by the appel-

**374**

lant, and there was substituted therefor its interest in the deed of trust, by which payment to it was provided for. The lien was an incumbrance upon the property. The bankrupt was a tenant in common with the North Babylon Properties, Inc. To surrender that lien was a good consideration given by the bankrupt for its interest in the deed of trust. In addition thereto, insisting upon a valid claim, the appellant began a foreclosure suit of the lien, and this was discontinued. It was all an ample consideration for the substituted trust interest. A claim made in good faith and subsequently surrendered is a valuable and fair consideration, as referred to in section 272 of the Debtor and Creditor Law of New York (Consol. Laws, c. 12). Perry v. Van Norden Trust Co., 192 N. Y. 189, 84 N. E. 804; Sawyer v. Turpin, 91 U. S. 114, 23 L. Ed. 235; Marsh v. Leseman (C. C. A.) 242 F. 484; Post v. Thomas, 212 N. Y. 264, 106 N. E. 69.

Section 273 (added by Laws 1925, c. 254) of the New York Debtor and Creditor Law provides that every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors, without regard to his intent, if the conveyance is made or the obligation is incurred without a fair consideration. The section does not fix the amount of the property consideration which is necessary. If it be fair and given in good faith, that is sufficient. Section 272 of the same law provides that a fair consideration is given "(a) when in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied, or (b) when such property, or obligation is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value of the property, or obligation obtained." This law was not intended to set aside an honest settlement, such as this, made by surrendering a claim, of a reduced amount, which the claimant was proceeding to enforce by suit of foreclosure, and where he received no better security than that which he surrendered. In addition thereto, he postponed payment of the obligation due him for over two years. Grandison v. Robertson (C. C. A.) 231 F. 785; Howland v. Metropolitan Bank (D. C.) 228 F. 542; Perry v. Van Norden Trust Co., supra.

■ Nor is the deed of trust invalid because it purported to create a trust for interveners, who were subordinate to the appellants, and who may be subject to a charge of fraud against such interveners. It appears that, after the settlement was negotiated and agreed upon, an addenda was added by others, which, without procurement or benefit to the appellant, created a junior interest to the appellant by virtue of the same deed of trust. Whether or not the conveyance to the junior interveners may be fraudulent we need not now inquire. Neither the appellant nor its attorney participated in the drawing of the deed of trust, or in the scheme or plan arranging for the interest of such junior interveners. Their interest was subordinate to the appellant's, and did not affect its rights.

■■ Appellant, a prior lien creditor, could not complain or interfere with subsequent conveyances or incumbrances of the property, if its rights could not be affected thereby, unless there be evidence of guilt of fraud on its part. Nor may it be charged with participation in the alleged fraud practiced by this instrument, unless it be shown that it was negligent in inquiry or participant in the fraud. Sawyer v. Turpin, supra; In re Locust Bldg. Co. (C. C. A.) 299 F. 756; Marsh v. Leseman, supra. No knowledge is shown of the claimant's intent of creating a preference as to these junior interveners, or that it intended to hinder, delay, or defraud nonassenting creditors, even though several trusts were created by the same instrument. If one trust interest be found to be fraudulent and the other valid, the valid trust does not fail, unless it be found that the beneficiary is guilty of fraud in fact with the others. Tefft v. Stern (C. C. A.) 73 F. 591; Commercial Bank v. Sherwood, 162 N. Y. 310, 56 N. E. 834.

■ Appellant was never a creditor of the bankrupt, and the argument addressed to the claim that a preference was granted to the appellant is inapplicable. Therefore no advantage may be gained by invoking section 15 of the New York Stock Corporation Law (Consol. Laws, c. 59, as amended by Laws 1923, c. 787), for that section deals with unlawful preferences to creditors. Penn. R. R. Co. v. Pedrick (D. C.) 222 F. 75; Grandison v. Robertson, supra; Taylor v. Ellsworth Bldg. Corp. (Sup.) 183 N. Y. S. 394. It cannot be claimed that there was an unlawful preference, for the appellant was not a creditor to be preferred.

■ The trust deed gave to this appellant an interest which was in another form for its then existing security. When this was done

by the directors, it did not convey the bankrupt's property. It created a charge upon it no greater than that which had existed. It did not require a vote of the stockholders to authorize the officers to negotiate and consummate this settlement with the appellant. The directors' vote was sufficient. The deed of trust was valid, and the judgment below setting it aside, and requiring payment to the trustee in bankruptcy of moneys received by the appellant, was erroneous.

Decree reversed.