■ CHEMICAL BANK NEW YORK TRUST COMPANY, Respondent, v. CHESBROUGH P. AMORY, Now Known as MRS. IVA S. V. PATCEVITCH, Appellant.— Order entered July 21, 1966, herein appealed from, unanimously reversed on the law, with $50 costs and disbursements to appellant, and the motion to dismiss the complaint granted, with $10 costs.  The complaint alleges that defendant, on or about October 10, 1958, executed a written instrument guaranteeing payment of a demand promissory note executed and delivered October 10, 1958 in the sum of $52,353.49.  The face amount of the note, plus interest, was paid by the maker.  Thereafter on November 13, 1958, the maker of the note filed a voluntary petition in bankruptcy.  Subsequently the trustee in bankruptcy recovered of plaintiff the sum of $27,928.98 paid on the note which was found by the court to have constituted a preferential payment.  This sum, together with an additional sum of $7,500 paid by plaintiff to the trustee upon the trustee's agreement to waive an appeal, is now sought to be recovered from this defendant.  Payment was made February 1, 1961, and this action was commenced May 19, 1966 upon the guarantee which plaintiff asserts was returned to defendant upon payment of the obligation.  Defendant moved to dismiss pursuant to CPLR 3211, on the alternate grounds of Statute of Frauds, Statute of Limitations or release.  Defendant also denied execution of any guarantee or the receipt of consideration in relation to such loan.  The motion to dismiss was denied and defendant appeals.  The order appealed from is reversed.  On a demand note the obligation of a guarantor attaches on execution and delivery and plaintiff could have sued upon any default in payment of the obligation. If the preferential payment was, as plaintiff contends, illegal and no payment at all (cf. *Perry* v. *Van Norden Trust Co.*, 118 App. Div. 288, revd. 192 N. Y. 189), no obstacle existed to institution of suit against defendant within the statutory period.  Even a provisional payment by the maker of the note would not extend the Statute of Limitations, unless such payment was made as the agent of the guarantor (*Peoples Trust Co.* v. *O'Neil*, 273 N. Y. 312).  Plaintiff's contention that there was a period of repose or suspension from March 6, 1958, the date of the last payment on the obligation, to February 1, 1961, the date of payment by plaintiff to the trustee, is rejected.  It was within plaintiff's power to repay the money at any time within the statutory period, and thereafter to institute suit against defendant on her obligation if any existed.  The present action is time-barred (*Peoples Trust Co.* v. *O'Neil, supra*) and the motion should have been granted.  Concur — Stevens, J. P., Capozzoli, Tilzer and Rabin, JJ.