■ PHOENIX ACQUISITION CORPORATION et al., Plaintiffs, v CAMPCORE, INC., et al., Defendants, CHESTER WICKWIRE, F/N/U DYGERT, Respondent-Appellant, and MARINE MIDLAND BANK, N. A., Appellant-Respondent. (Appeal No. 2.)—Judgment unanimously modified on the law and as modified affirmed with costs to defendant Wickwire in accordance with the following Memorandum: We agree with the court's determination to grant Wickwire summary judgment declaring that any attempt by Marine to enforce the guarantee would be time-barred. A cause of action against a surety to recover on a guarantee· is governed by a six-year Statute of Limitations (CPLR 213 [2]; *American Trading Co. v Fish,* 42 NY2d 20, 26-27) and accrues "as soon as" the debtor defaults in payment of the underlying obligation *(General Phoenix Corp. v Cabot,* 300 NY 87, 93; *see also, Gazza v United Cal. Bank Intl.,* 88 AD2d 968, 969; *Chemical Bank N. Y. Trust Co. v Amory,* 27 AD2d 730, *affd* 21 NY2d 832). That rule accords with the parties' expectations in this case. The guarantee provides that Wickwire is obligated to pay the entire debt (up to $105,000) upon "any" default by the debtor. Because the debtor defaulted in paying the debt no later than April 1983, any claim to enforce the guarantee is time-barred.

■ PHOENIX ACQUISITION CORPORATION et al., Plaintiffs, v CAMPCORE, INC., et al., Defendants, CHESTER WICKWIRE, F/N/U DYGERT, Appellant, and MARINE MIDLAND BANK, N. A., Respondent. (Appeal No. 3.)—Appeal unanimously dismissed without costs as moot. Same Memorandum as in *Phoenix Acquisition Corp. v Campcore, Inc.* ([appeal No. 2] 182 AD2d 1101 [decided herewith]). (Appeal from Order of Supreme Court,

Onondaga County, Reagan, J.—Stay.) Present—Denman, P. J., Green, Pine, Balio and Fallon, JJ.