■ PHOENIX ACQUISITION CORPORATION et al., Plaintiffs, v CAMPCORE, INC., et al., Defendants, CHESTER WICKWIRE, F/N/U DYGERT, Respondent-Appellant, and MARINE MIDLAND BANK, N. A., Appellant-Respondent. (Appeal No. 2.)—Judgment unanimously modified on the law and as modified affirmed with costs to defendant Wickwire in accordance with the following Memorandum: We agree with the court's determination to grant Wickwire summary judgment declaring that any attempt by Marine to enforce the guarantee would be time-barred. A cause of action against a surety to recover on a guarantee· is governed by a six-year Statute of Limitations (CPLR 213 [2]; *American Trading Co. v Fish,* 42 NY2d 20, 26-27) and accrues "as soon as" the debtor defaults in payment of the underlying obligation *(General Phoenix Corp. v Cabot,* 300 NY 87, 93; see also, *Gazza v United Cal. Bank Intl.,* 88 AD2d 968, 969; *Chemical Bank N. Y. Trust Co. v Amory,* 27 AD2d 730, *affd* 21 NY2d 832). That rule accords with the parties' expectations in this case. The guarantee provides that Wickwire is obligated to pay the entire debt (up to $105,000) upon "any" default by the debtor. Because the debtor defaulted in paying the debt no later than April 1983, any claim to enforce the guarantee is time-barred.

Absent any countervailing equitable considerations, it was error for the court to deny costs to Wickwire, the prevailing party on the motion (see, CPLR 8101, 8301; *Matter of Birnbaum v Birnbaum,* 157 AD2d 177, 192; *Gabrelian v Gabrelian,* 108 AD2d 445, 446, *appeal dismissed* 66 NY2d 741). The appeal from the stay order is rendered moot by our determination of the main appeal. (Appeals from Judgment of Supreme Court, Onondaga County, Reagan, J.—Dismiss Answer.) Present—Denman, P. J., Green, Pine, Balio and Fallon, JJ.