[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ANDDEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT
FACTS
The plaintiff, The Chase Manhattan Bank, brought an action by a one count complaint dated November 20, 1996, against seven corporate and two individual defendants for money damages arising out of the defendants' alleged failure to make payments under a demand promissory note executed on November 2, 1988. The corporate defendants are (1) CDC Financial Corp. ("CDC"), the maker of the promissory note; (2) Urban Revitalization, Inc.; (3) CDC Equity Corp.; (4) Community Development Corp., (5) CDC Management Corp., (6) CDC Funding Corp.; (7) CDC investment Corp. (collectively, "the corporate guarantors"). The individual defendants are: (1) Arthur Greenblatt and (2) Steven L. Erie ("individual guarantors"). The individual guarantors and the corporate guarantors allegedly guaranteed CDC's obligation evidenced by the subject promissory note by executing separate contracts of guaranty on October 25, 1988 and November 7, 1988, respectively.
The complaint alleges that CDC became indebted to the plaintiff by virtue of a grid demand promissory note in the original principal amount of $1,000,000 executed by CDC. Such note evidences CDC's unconditional promise to pay the principal amount of the note and interest thereon on demand. (Complaint, ¶ 6.) CDC also agreed to reimburse the plaintiff for all costs associated with the performance or enforcement of the note. (Complaint, ¶ 7.) The corporate guarantors and the individual guarantors allegedly guaranteed all indebtedness and obligations under the note. (Complaint, ¶¶ 8, 9 and 10.) The plaintiff has made demand upon the defendants for payment of the amount due under the note, but the defendants have failed to make any payments. (Complaint, ¶¶ 11 and 12.) By way of affidavit, the plaintiff avers that CDC made periodic interest payments on the unpaid principal balance through January 3, 1991. (Plaintiff's Affidavit, ¶ 7.) CT Page 10199
The defendants filed an answer and two special defenses on February 24, 1997. In the first special defense, the defendants allege that the plaintiff's cause of action is barred by the applicable statute of limitations, General Statutes § 52-576. In the second special defense, the defendants allege that the plaintiff's cause of action is barred by the doctrine of laches.
On May 21, 1997, the plaintiff filed a motion for summary judgment and a supporting memorandum of law, a supporting affidavit and exhibits. The plaintiff moves for summary judgment on the grounds that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. The corporate and individual guarantors (hereinafter, "the guarantors") filed a cross motion for summary judgment, a supporting memorandum of law and supporting affidavits on June 9, 1997. The guarantors move for summary judgment on the ground that the statute of limitations is a complete bar to the plaintiff's claim.
STANDARD OF REVIEW
"Practice book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doty v.Mucci, 238 Conn. 800, 805, 679 A.2d 945 (1996). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp.,233 Conn. 732, 751, 660 A.2d 810 (1995).
"The burden of proof is on the moving party and the standards of summary judgment are strictly and forcefully applied." Id., 752. "A `material' fact has been defined adequately and simply as a fact that will make a difference in the result of the case."Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578,573 A.2d 699 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) HomeInsurance Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine CT Page 10200 issue of material fact together with the evidence disclosing the existence of such an issue. . . ." (Internal quotation marks omitted.) Id. "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." 2830 Whitney Avenue Corp. v. Heritage CanalDevelopment Associates, 33 Conn. App. 563, 567, 636 A.2d 1377
(1994). "If the affidavits and the other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming the movant has met his burden of proof." (Internal quotation marks omitted.) Id., 569.
"A summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Citation omitted; internal quotation marks omitted.) Miller v. UnitedTechnologies Corp., supra, 233 Conn. 752.
ISSUES
The plaintiff argues that summary judgment is appropriate in this case because the defendants have failed to raise any genuine issue of material fact as to their liability under the note or under their guarantees. The plaintiff argues that there is no dispute that CDC executed the note or that the guarantors executed the guarantees, that they failed to make payment of all sums due under the note, or about the amount due under the note. The plaintiff further argues that the present action was timely brought under the laws of New York,[1] which govern the interpretation and construction of the note, because, even though the statute of limitations begins to run on the date of execution of a demand note, the periodic payment of interest extends the statutory period from the date of the last payment. CDC made a last payment on the note on January 3, 1991, therefore, the plaintiff argues that a new six-year statute of limitations was triggered from that date. Accordingly, the limitations period would have expired on January 3, 1997, after the present action had already commenced. As it pertains to the guarantors, the plaintiff argues that the statute of limitations begins to run upon the borrower's default, which occurred on January 3, 1991, and therefore, because the writ of summons and complaint were served on November 25, 1996, the action is timely.
The plaintiff further argues that the defendants' second special defense, the doctrine of laches, is inapplicable to this action because it is an equitable defense and does not lie as a CT Page 10201 defense to actions at law, such as an action to recover monies due under a defaulted promissory note.[2]
The guarantors counter that their liability became fixed on the date of the execution of the note and expired six years thereafter, or more than two years prior to the commencement of the present action. Furthermore, they argue, even if interest payments extended the statute of limitations as to the party making them, they did not have the effect of extending the statute as to the guarantors, who neither made any payments nor authorized the making of any payments on their behalf. Consequently, according to the defendants' argument, because the making of the note and the guaranty of the note are separate and independent contracts, the acts of the principal debtor in relation to the obligation under the note cannot be imputed to the guarantors. Therefore, the guarantors argue, absent any proof that they made a new promise to guaranty CDC's obligations within the six years prior to the commencement of the present action, their obligation terminated on November 2, 1994, six years after the execution of the note, and this action is time barred.
As a threshold matter this court must determine whether the law of Connecticut, the forum state, or the law of New York, chosen by the parties in their contract, applies to the present dispute. Where a contract includes a choice of law provision, the general rule is that "the law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue." 1 Restatement (Second), Conflicts § 187 (1971);Levine v. Advest, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 541857, 16 CONN. L. RPTR. 149 (January 19, 1996, Corradino, J.) This section of the Restatement (Second) of Conflicts is applicable in the present case because "[t]he validity of a contractual provision limiting the time in which an action may be brought under the contract is determined by the law selected by the application of the rules of §§ 187-188." 1 Restatement (Second), Conflicts § 142. Thus, and as the parties have conceded, the law of New York applies. New York Civil Practice and Procedure, § 213 provides a six year statute of limitations for a number of different actions. Among such actions are those "upon a bond or a note, the payment of which is secured by a mortgage upon real property, or upon a bond or note and mortgage so secured, or upon a mortgage CT Page 10202 of real property, or any interest therein." N.Y.C.P.L.R. §213 (McKinney 1990).
The issues to be determined are:
 (1) when the six-year statute of limitations begins to run for actions involving the collection of monies due under the I terms of a demand promissory note;
 (2) whether payments made by the borrower on the note extend the limitations period as to the borrower; and (3) whether payments by the borrower are effective in extending the limitations period as to the guarantors.
I. CDC, Maker of the Note: Statute of Limitations:
"[I]t is well settled that the limitations period on a note payable on demand or the guaranty of that obligation commences to run as of the date of the execution of the demand note." BraeAsset Fund, L.P. v. Robson, 1997 WL 124129, *2 (S.D.N.Y. 1997). See also Phoenix Acquisition Corp. v. Campcore, Inc., 81 N.Y.2d 138,143, 596 N.Y.S.2d 752, 612 N.E.2d 1219 (1993) ("The statute of limitations affecting a note payable upon demand, without doubt, begins to run from the date of its execution."); Bank ofNew York v. Bersani, 90 App.Div.2d 302, 307, 457 N.Y.S.2d 142 (N Y App. Div. 1982); People Trust Co. of N.Y. v. O'Neil, 273 N.Y. 312,315, 7 N.E.2d 244 (1937). When interest payment are made on the debt, however, the limitations period is extended from the date the payment is made. In re Rochester Trust Safe DepositCo. Curtis v. Rochester Trust Safe Deposit Co., 270 App.Div. 227,58 N.Y.S.2d 833, 840 (1945) ("The general rule is, that the payment of interest on a debt is an acknowledgment, from which a promise to pay the principal obligation may be implied, and operates to keep the debt alive for the statutory period from that time.") Di Nufrio v. Ajello, 211 App.Div. 487, 207 N.Y.S. 229,231 (1924).
In the present case, CDC executed a demand promissory note in favor of the plaintiff on November 2, 1988; therefore the six-year statute of limitations began to run as of that date. The limitations period, however, was tolled until January 3, 1991, the date on which CDC made the last interest payment on the note. (Plaintiff's Affidavit, ¶ 7; Plaintiff's Exhibit D.) Because the present action was commenced within six years from January 3, CT Page 10203 1991, it is timely. Furthermore, it is undisputed that the amount due under the note has not been repaid by CDC. (Complaint, ¶ 12; Answer, ¶ 12.) Consequently, there is no genuine issue of material fact as to CDC's obligation under the note, or as to its default. Therefore, the plaintiff is entitled to judgment as a matter of law and, consequently, the plaintiff's motion for summary judgment should be granted against CDC, the maker of the note.
 II. The Corporate and Individual Guarantors: Statute of Limitations
The obligation assumed by a guarantor is, among other things, to repay the amount due under the note when the borrower refuses or is unable to do so. Bank of New York v. Bersani, supra,90 App.Div.2d 303. Therefore, the plaintiff argues that the six-year statute of limitations against the guarantors begins to run upon the borrower's default, which in the present case occurred on January 3, 1991. Because the writ of summons and complaint were served on November 25, 1996, the plaintiff argues that the action was timely commenced against the guarantors.
To determine when a cause of action accrues against a guarantor the court must consider the "terms of the note and the function of the guarantor [which] provide the rationale for such determination." Bank of New York v. Bersani, supra, 90 App.Div.2d 304. In order for the limitations period to run from the date of default, the guaranty must be such that the default of the borrower and notice to the guarantor of such default are the condition precedent to the guarantor's obligation. Id., 306. When, however, a guarantor waives all rights to presentment, notice of dishonor and protest, his liability under the note becomes the same as that of a co-maker and becomes fixed at the time of execution rather than at the time of default. Id. "Since an endorser's[3] enjoyment of condition precedent to liability (presentment, dishonor, and notice of dishonor) is what distinguishes him from a maker, when these conditions are waived, the difference between them disappears and the indorser becomes primarily liable under the provisions of section 3-416 of the Uniform Commercial Code." Id., 306.[4] Accordingly, the primary character of the guarantor's liability makes the cause of action against the guarantor, like that of the maker, accrue for statute of limitations purposes from the date of execution of the note. Id.; see also Brae Asset Fund v. Robson, supra, 1997 WL 124129 ("the limitations period on a note payable on demand or the CT Page 10204 guaranty of that obligation commences to run as of the date of the execution of the demand note"); Chemical Bank v. Amory,27 App.Div.2d 730, 731, 277 N.Y.S.2d 459 (1967), aff'd 21 N.Y.2d 832,288 N.Y.S.2d 916, 235 N.E.2d 918 (1968) (holding that the defendant's obligation as a guarantor on a demand note attached on execution and delivery of the note).
In the present case, the documents evidencing the corporate guarantees, as well as the document evidencing the individual guaranty, provide, in pertinent part, that: "the undersigned hereby waive presentment of any instrument, demand of payment, protest and notice of non-payment or protest thereof of any exchange, sale, surrender or other handling or disposition of any . . . collateral. . . ." (Plaintiff's Exhibits B-1 through B-6 and C.) Therefore, the defendants (guarantors) have guaranteed the payment of the note as opposed to guaranteeing collection after the maker's default.[5] Because the guarantors are guarantors of payment and not merely of collectability, the statute of limitations as to them accrued as of the date of execution and delivery of the promissory demand note.
The plaintiff next argues that, even if the statute of limitations for a demand note accrues from the date of execution, payments of interest made by CDC extended the limitations period as to the guarantors. The plaintiff relies on language in the guarantee which relates to the right of the lender to extend the time of repayment to the borrower without affecting the liability of the guarantors to support its contention that the payments made on the loan by CDC were made with the consent and authorization of the guarantors, thus tolling the statute of limitations as to them.
"The general rule is, that the payment of interest on a debt is an acknowledgment, from which a promise to pay the principal obligation may be implied, and operates to keep the debt alive for the statutory period for that time." In re Rochester Trust Safe Deposit Co. Curtis v. Rochester Trust Safe Deposit Co.,supra, 58 N.Y.S.2d 840. A loan repayable on demand becomes "presently due, and the statute of limitations [begins] to run from the date of the receipt, and the action would be barred unless the debt [is] kept alive by interest payments . . . made by the defendants." Di Nufrio v. Aiello, supra, 207 N.Y.S. 231. In order for the payment to be effective to toll the statute of limitations, however, the payment must be made by the party to 11 the obligation or his authorized agent. Clute v. Clute, 197 N.Y. 439, CT Page 10205 449, 90 N.E. 988 (1910). The rationale behind this rule is that "the party paying intends, by it to acknowledge the greater debt to be due. It is strictly the intention of the debtor which must be considered. If the debtor did not have in mind to do this the running of the statute will not be stopped by reason of a partial payment." In re Rochester Trust Safe Deposit Co. Curtisv. Rochester Trust Safe Deposit Co., supra, 58 N.Y.S.2d 840. Therefore, a debtor's payment cannot toll the statute of limitations as to a guarantor unless it evidences an acknowledgment of the total debt and an intention to extend his liability by the guarantor.
New York cases have consistently held that an acknowledgment of a debt by the borrower "does not extend the statute of limitations as to the guarantors absent some clear indication that [the borrower] was acting as the agent of the guarantors."Park Associates v. Crescent Park Associates, Inc., 159 App.Div.2d 460,461, 552 N.Y.S.2d 314, (N.Y.App.Div. 1990). "Even a provisional payment by the maker of the note would not extend the statute of limitations, unless such payment was made as the agent for the guarantor." Chemical Bank New York Trust Co. v. Amory,supra, 277 N.Y.S.2d 460. "It is well settled that a payment in case of joint liability by one does not extend the statute as to others jointly liable. . . . The same rule applies as to payment by a principal debtor. It does not have the effect of extending the statute as against a surety." Peoples Trust Company of Malonev. O'Neil, 273 N.Y. 312, 315, 7 N.E.2d 244 (1937) (holding that the guarantor of two promissory notes, payable on demand, cannot be held liable in an action commenced more than six years from the date of execution, notwithstanding that the borrower made payments which extended the limitations period as to him, because the payments were not made as agent or on behalf of the guarantor).[6]
In the present case, there is no indication that the guarantors authorized the payments made by CDC or that such payments were made on their behalf. On the contrary, the affidavits submitted by the guarantors disclaim having made any payment on the note or that any payment made by CDC was made on their behalf or as their agent. The plaintiff has failed to proffer any evidence or submit affidavits to prove that the guarantors authorized CDC's payments or that they made other promises concerning extension of their liability under the note. The mere fact that payments by the maker were signed by one or more of the guarantors in their official corporate capacities CT Page 10206 does not in itself offer proof of their authorization or ratification of interest payments as guarantors nor does it show that the payments were made on behalf of or as agent of the guarantors.
Further, the parties appear to be sophisticated, knowledgeable people in this subject area, and it can reasonably be inferred that they knew exactly what they were doing and in what capacity when payments were made, and it can be reasonably. inferred that the plaintiff knew the wording and meaning of the guarantees as well as the distinction between the maker's payments and that they were not payments by the guarantors.
Based upon the evidence before the court, it is such that a jury would not be at liberty to disbelieve and which would require a directed verdict for the guarantors. See Miller v.United Technologies Corp., 233 Conn. 732, 751, 752 (1995). A fair and reasonable person could conclude only one way; namely, that the guarantors are not liable.
Accordingly, the action against the guarantors is time barred and summary judgment should be granted. However, plaintiff has asked for additional time for discovery to counter defendants' affidavits. The court is willing to grant additional I time since the Practice Book permits it and since the granting of summary judgment should be based clearly on no material issue of fact existing. Accordingly, this matter as to the guarantors is continued for thirty days from the date of mailing of this decision during which plaintiff is to submit necessary evidence to sustain its position that the payments were on behalf of the guarantors. If the motions are not reclaimed within said thirty days of notice of this decision, summary judgment will be granted in favor of the guarantors.
As to the maker of the note, CDC Financial Corp., summary judgment in favor of the plaintiff is hereby entered in the amount of $1,339,253.55 including interest through May 19, 1997, with interest accruing thereafter at the per diem rate of $240.63.
Rittenband, J.